BENJAMIN CHANDLER AND W. L. WITTICH, APPELLANTS, vs. GEORGE W. WRIGHT, APPELLEE.

1. Pending the consummation of a sale of land an injunction restraining it was served on the parties, at the suit of a third person; afterwards, by an arrangement by stipulation of the parties, including the plaintiff in the injunction suit, a conveyance of the land was made and the consideration secured by notes and mortgage payable at a day certain, one note without interest and others with interest, which notes and mortgage were deposited with a party in trust, subject to the determination and decree of the court in the injunction suit: *Held*, That the injunction was waived and did not attach to the notes and mortgage, and did not relieve the maker of the notes from the payment of interest thereon after maturity, and he was not restrained by the injunction, or by the arrangement, from paying or tendering the money to the holder when due, according to the legal effect of his promise.

2. A tender of a sum less than the amount due upon the note is of no avail.

Appeal from the Circuit Court for Escambia county.

The court adopt the statement of facts contained in the briefs of counsel.

*W. A. Blount* for Appellants.

The bill is an ordinary bill for foreclosure of a mortgage, setting up the execution of three notes on April 19, 1875,

by appellee to appellants, one for $3,000, payable one day after date without interest, one for $2,000, payable January 1, 1876, with interest from date, and the third for $5,000, payable June 1, 1876, with interest from date. The bill alleges non-payment of the notes, and asks for a decree for the principal of the three, with interest from maturity of the first, and from date of the second and third up to date of decree, less certain payment, which bill admits.

The answer admits indebtedness for face of the notes and interest on the two last to their maturity, less the payment mentioned, but denies the appellee's liability for any interest on the first note, and for any interest on the two last after their maturity. To avoid the liability for this interest, it recites that the consummation of the bargain for the sale of the mortgaged premises by appellants to appellee was prevented by a restraining order in a suit of Geo. W. Sherman vs. Benj. Chandler; that to avoid the effects of said restraining order an agreement was entered into, by which the notes given by appellee were to be deposited in trust with one Thos. W. Hutchinson, as security to Geo. W. Sherman for the payment of such decree as might be rendered in his favor against Chandler, said notes to be held subject to the final decree of the court; that appellee gave the three notes, the first of which represented what was to have been a cash transaction under the original agreement, and for which appellee was ready to pay cash, and they were deposited with Hutchinson in pursuance of the agreement; that the maturity of each of said notes occurred while the agreement was still in existence and before the settlement of the suit; that appellee at all times kept the money for, and was prepared to pay the first note; that at the maturity of the second note he laid aside the money to pay it, and that at the maturity of the third note he offered to pay all of them, with interest to maturity of each, but that Hutchinson refused to receive the money—first, because appellee asked for

a credit of $400, which he had, as a matter of accommodation to Chandler, paid to him on account of said notes after the same had been deposited with Hutchinson; second, because appellee refused to pay interest on the $3,000, or on the $2,000, after maturity—that the suit was settled in May, 1877, and appellee tendered the whole amounts due on said notes at maturity, less the $400 which he had advanced to Chandler.

The cause was heard upon bill and answer, and a decree rendered against appellee for the face of said notes and interest thereon till maturity. From this decree appellants appeal, alleging error therein because interest was not also allowed on the said notes from maturity until decree.

From the facts set up in the answer, appellee must show that—first, Hutchinson had no right to receive the money, or would not have received it; second, or that appellee has tendered it in such manner as to discharge him from liability for interest.

First. It is clear that if Hutchinson had the right to receive the money, it was Wright's duty to pay it to him at maturity. Hutchinson was trustee of the notes, as evidences of debt, payable in the future, and not as intrinsically valuable pieces of paper. He was trustee for both parties to the agreement. He was an equitable assignee with Wright's knowledge, and as such entitled to collect the notes. The case is not similar to that of money garnisheed in the hands of a debtor, to which appellee's attorney analogises it, because in that instance the debtor can pay neither plaintiff nor defendant, but in this case there is a trustee intervening between plaintiff and defendant, created for the purpose of protection to the rights of both. Appellee in fact, before the expiration of the agreement, acknowledged Hutchinson's power to receive by an alleged tender, which it is true was refused by Hutchinson, but not on the ground of want of

power. He would have received the payment but for deficiencies in the tender.

Second. If Hutchinson could receive the money, and it has not been paid, then nothing but a valid tender can avoid interest thereon. As to the $3,000 note, when it fell due it was in the hands of Hutchinson, as trustee for both Chandler and Sherman, and even if it was to have been a cash transaction between Chandler and appellee, yet when it was put into the form of a note and fell due, Sherman also had an interest in the funds and a right to demand its payment to his trustee. There was no payment, or offer of payment. The $2,000 was not tendered at maturity, nor until the maturity of the $5,000 note, five months after, when he tendered all the money together. This tender admits Hutchinson's power to receive the money, but Wright would not pay interest on the $2,000 and $3,000, and demanded $400 credit for money advanced to Chandler after the deposit with Hutchinson, to which demand Hutchinson, in his capacity of trustee for Sherman, could not of course accede. These restrictions, of course, invalidated the tender, (2 Parson's on Contracts, 640 to 646,) for the rule is as strict in equity as in law. 5 Monroe, 36. The same restrictions invalidate the last tender.

*R. L. Campbell* for Appellee.

This is a suit for the foreclosure of a mortgage of which appellants are mortgagees and respondent mortgagor. The mortgage debt, so far as embraced in the bill, consists of three notes; one for $3000, without interest, payable at one day, and the other two with interest until maturity—one for $2000, payable 1st of January, and the other for $5000, payable 1st of June, 1876.

The answer admits the notes and mortgage, subject to the credit stated in the bill, and offers to bring into court what

it admits to be due, but objects to paying any interest on the first note, and on the others after maturity. The notes with others were given for the mortgage premises. Before the bargain was consummated it was enjoined at the instance of one Sherman, and in order to prevent a defeat of the sale, appellants, or rather Chandler, with the consent of Wittich, entered into an agreement that one Hutchinson should hold the three notes and mortgage in trust, subject to any decree which Sherman might obtain.

The $3000 note represents what was to have been a cash payment, and was given solely for the purpose of enabling Chandler to carry out the agreement for discharging the restraining order. Respondent had the money when the note was given, and was ready and anxious to pay it over instead of giving the note; and he afterwards kept it apart from his other funds, and unemployed in his business, or otherwise. As the other notes matured, money was provided and set apart to pay them, principal and interest, and on the 1st of June, 1876, a tender of the amount of the first note, and of the other two, with interest to maturity, less $400 which had been paid to Chandler, was made to and refused by Hutchinson. The money so provided, remained set apart unemployed and unmixed with respondent's funds, until the decision of the Sherman case in May, 1877, when it was again tendered and refused, except as to enough to satisfy the decree.

The Circuit Court refused to charge respondent with interest on the $3000 note, and on the others after maturity. On that basis a decree was rendered for complainants and satisfied by respondent.

The case having been heard on bill and answer, all the statements of the answer, whether responsive to bill or not, were assumed to be true. 1 Daniell's Ch. Pr., 845, note.

The agreement to deposit the notes and mortgages with Hutchinson accomplished the purpose of the restraining

order, and his trust was restricted to holding them to meet the decree in the Sherman case.

As to the first note there was no contract to pay interest, and interest is never allowed as damages where the maker is restrained by authority of law from paying. Swamscot Machine Co. vs. Partridge, 5 Foster, 628; Irwin vs. Pittsburg, &c., R. R. Co., 43 Penn. St., 488; Adams vs. Cordis, 8 Pick., 260; Prescott vs. Parker, 4 Mass., 170.

Besides, the note was given for the accommodation of appellants, and the money which respondent was prepared to pay in lieu of giving the note, he was compelled to keep unemployed, set apart, and ready to pay over when called upon.

On the other two notes respondent contracted to pay interest up to maturity, and *that* interest he was always willing and offered to pay, and has paid.

A debtor who is prevented by injunction or other judicial process from paying his creditor at maturity is not responsible for interest. Willing vs. Consequa, Peters C. C., 301; Fitzgerald vs. Caldwell, 2 Dallas, 215; Mattingly vs. Boyd, 20 How. S. C., 128; Little vs. Owen, 32 Ga., 20.

The exceptions to the rule are as follows: The use or employment of the money by the debtor. Adams vs. Cordis. Where he has been guilty of fraud or collusion. Mackey vs. Hodgson, 9 Penn. St., 468; Rushton vs. Rowe, 64 ib., 63. Where the facts raise the presumption of his inability or want of readiness to pay. Norris vs. Hall, 18 Maine, 332. Mingling the money with his own, and treating it as such. Woodruff vs. Bacon, 35 Conn., 97. Where he assumes character of litigant. Chace vs. Manhardt, 1 Bland, 33; Moore vs. Lowrey, 25 Iowa, 336. Where he garnishees himself. Willing vs. Consequa, *supra.* Where he is guilty of "negligence and misconduct." Tazewell's Ex. vs. Barrett & Co., 4 Hen. & Munf., 259. Where he loans out the money.

Mattingly vs. Boyd, *supra.* A party *contesting* must pay money into court. Curd vs. Letcher, 3 J. J. Mar., 443.

Respondent's case falls within none of the exceptions.

He could not pay the money into court, for, after the agreement, he was not a party to any proceeding before the court.

He attempted to pay the money to Hutchinson, but he refused to receive it because interest on the first note and interest on the second note, after maturity, was not embraced in the tender.

Although Hutchinson was not under the terms of his trust authorized to receive it, the tender shows respondent's anxiety to be rid of the money.

The second tender, which was made on the decision of the Sherman case, was also refused, beyond what was requisite to meet the decree, for the like reason that the first tender had been rejected.

THE CHIEF JUSTICE delivered the opinion of the court.

It is true that while a debtor is prevented by an injunction or other order of a court from paying his debt at maturity, he is not liable for interest thereon, because he lawfully withholds the money. But is this a case in which the debtor has been so prevented? An injunction was issued which restrained the conveyance of certain real estate to the defendant. The effect of the injunction was obviated by the parties by an agreement, whereby the conveyance was consented to upon condition that certain notes, secured by mortgage on the property, (given for the purchase price thereof,) should be deposited with one Hutchinson as trustee, to be held by him subject to the determination of the suit in which the injunction was issued. One of these notes was payable one day after date, without mentioning interest, and the two other notes were payable at a future day with inter-

est. While the notes and mortgage were thus put in the place of the property for which they were given, the injunction did not, of course, restrain the payment of the money to the trustee when it became due, nor does it appear that the trustee was prevented from receiving it, or from taking measures to collect it.

The defendant was ready to pay each of the notes at maturity, and held the money apart from his other money, and from other employment. When the note first due matured, the money was not tendered; when the next note fell due no tender was made, and when the third note matured the defendant offered to pay the trustee the principal of all the notes, with interest up to maturity, less four hundred dollars which he had advanced to Chandler on account of the notes while they were in the hands of the trustee; but the trustee refused to receive it in discharge of the notes, because it did not cover the whole amount of principal and interest to the time of the offer. When the suit in which the injunction had issued was settled, the defendant renewed the offer to the trustee, who again refused to receive the money, for the reason that defendant declined to pay interest beyond the maturity of the notes.

We find no unconditional tender by the defendant of the principal of the notes or either of them, nor even notice to the trustee or to the parties that the money was set apart and held in readiness to pay the notes, or either of them. So far as the injunction is concerned, its force was spent when all the parties to it by contract put in its place another security. It is not apparent that a payment of the money to the mortgagee, and the surrender by the trustee of the notes and mortgage, however it might have put the plaintiff in the injunction suit to inconvenience, would have been in anywise a violation of the injunction. The trustee and the parties to the transaction may have become liable to certain proceedings for a violation of the contract of trust and confi-

dence, but how would they have been guilty of a contempt of the injunction? The thing enjoined had been expressly waived, and new security had been given by contract for a non-performance of which a new remedy must have been pursued. Howard vs. Durand, 36 Ga., 346. The notes were given by the defendant here for the purpose of securing the purchase money of the land purchased, and for the purpose of deposit with the trustee as security to the complainant in the injunction suit, and to be subject to the order of the court in that suit upon rendition of a final decree therein. The notes were voluntary agreements to pay money at specified times. When the note payable one day after date became due, it was chargeable with interest by law, and the law was part of the contract. There was interest to be paid on the other notes from their date by their expressed terms, and after they became due they bore interest according to law. Had it had been the intention of the parties that these notes should not draw interest, as is claimed, after they should become due and during the pendency of the injunction suit, we must presume that intention would have found expression in some manner; but instead of this the contract was that interest should be paid until the notes were satisfied. The deposit of the notes with a trustee did not change their legal effect. The trustee was the trustee of the plaintiffs in this and the other suit and not of this defendant, and a payment or tender to the trustee would have worked a discharge of the defendant as effectually as if the notes had been in the hands of the payees and the payment or tender made to them. The upshot of the whole matter is that the defendant agreed to pay principal and interest, without reference to the character of the holder; that he has not been restrained by any legal process or order from so doing, nor from tendering the money if he saw fit to do so, and that he has neither paid nor tendered as he agreed to do, though the depositary of the notes was ready

to receive payment of them as they became due. That he was ready to pay is not what he engaged; he agreed to pay, and failing to do so he is liable to all the consequences of the failure.

The decree of the Circuit Court is reversed in so far as it denies, or fails to allow, the computation of interest on the notes from their maturity to the time of payment or tender of the amount due thereon according to their import, and a further decree will be made by the Circuit Court in accordance with this order and the opinion of this court in the premises.