129 So.2d 177 (1961)
Emil MORTON, individually and as Trustee, Lawrence Morton, Individually and as Trustee, and Sydney S. Levine, Individually, and as Trustee, Appellants,
v.
S. ANSIN, Individually and as Trustee, Appellee.
Nos. 60-466, 60-467.
District Court of Appeal of Florida. Third District.
April 20, 1961.
Rehearing Denied May 16, 1961.
*178 Anderson & Nadeau, Miami, for appellants.
Smith & Mandler, Miami Beach, for appellee.
SMITH, D.R., Associate Judge.
The plaintiffs, who are the appellants in this appeal, filed their complaint against the defendant, who is the appellee herein, seeking a declaratory decree construing the terms of a note and mortgage.
This appeal is from a partial summary final decree and a final decree entered by the lower court construing the provisions of the note and mortgage. Factually, the circumstances are as follows: On April 15, 1958, Damoran Corporation made, executed and delivered to the defendant, S. Ansin, individually and as trustee, who is the appellee herein, a promissory note in the sum of $800,000. The essential portions of the note necessary for construction thereof read as follows:

*179 "For Value Received, the undersigned promise to pay to the order of S. Ansin, Trustee, the principal sum of Eight Hundred Thousand Dollars ($800,000.00), together with interest from date at the rate of five percent (5) per annum until maturity, said interest being payable semi-annually on the 15th day of October and April of each year, * * * said principal sum of $800,000.00 payable as follows:
"The sum of $25,000.00 on the 15th day of October, 1958, and like installments of $25,000.00 each, or more, semi-annually thereafter on the 15th day of April and the 15th day of October of each and every year until the 15th day of April, 1967, when the entire unpaid balance, if any, shall forthwith become due and payable together with interest thereon * * *.
"* * * This Note shall be considered in default when any payment of principal or interest required to be made hereunder shall not be paid on its due date, or if this Note shall be secured by a mortgage or other collateral instrument any breach in the terms of such mortgage or collateral instrument shall likewise constitute a default in this Note. While in default the whole of said indebtedness, including unpaid principal, accrued interest and other charges, shall bear interest at the rate of ten percent (10%) per annum. If this Note shall continue in default for a period of thirty (30) days, then the whole of said indebtedness shall, at the option of the holder, become immediately due and payable, without notice, and until fully paid shall bear interest at the rate of ten percent (10%) per annum."
On the same date of the note the said Damoran Corporation made, executed and delivered to the said defendant a mortgage deed securing the payment of said note. It is considered that the provisions of the mortgage deed are not material to the issue involved in this case and therefore its detailed provisions will not be referred to in this opinion.
The said Damoran Corporation conveyed the premises described in the mortgage to the plaintiffs, Emil Morton, individually and as trustee, Lawrence Morton, individually and as trustee, and Sydney S. Levine, individually and as trustee, who are the appellants herein. The conveyance was made subject to the terms of the mortgage. It might be noted here that the mortgage contained an exact recital of the note for which it was given to secure.
A $25,000 principal payment was due on the note on the 15th day of April, 1960, together with interest on the principal amount of $725,000, the accrued interest due on said date amounting to the sum of $18,125. The plaintiffs did not pay these amounts due on April 15, 1960, but later on May 6, 1960, by way of letter and check, forwarded said amounts to the defendant, together with interest at rate of five percent per annum on $25,000 from April 15, 1960, through May 6, 1960, in the amount of $72.93. On May 12, 1960, this check was returned to the plaintiffs and a letter was enclosed therewith from the defendant to the plaintiffs in which the defendant stated that the amount was not enough to cover the sum due under the provisions of the note and mortgage.
Other factual events are not material to the issues involved. The defendant, after denial of a motion to dismiss the complaint, filed an answer admitting most of the factual matters alleged in the complaint, but specifically denying any ambiguities or conflicts in the note and mortgage or as between provisions of the note and mortgage. It might be well to observe here that almost simultaneously with the filing of this suit the defendant filed a common law action against the Damoran Corporation in which action he alleged the execution and delivery of the promissory note, the default thereunder and in which action he demanded judgment in the sum of *180 $43,125, together with accrued deferred interest at the rate of ten percent per annum from April 15, 1960. This action, by order dated the 27th day of May, 1960, was stayed upon the contingency that the plaintiffs pay into the registry of the court the sum of $43,197.93 on or before 2:00 P.M. June the 1st, 1960. This amount was paid into the registry of the court in accordance with the order.
Thereafter, on the 14th day of July, 1960, the lower court entered partial summary final decree, making certain findings and ordering that the plaintiffs deposit into the registry of the court within eight days from the date of the decree a sum of money equal to ten percent for twenty-one days on the following sums: $700,000, $25,000, $18,125, less the sum of $72.93 which had formerly been deposited into the registry of the court, and further provided that the said sum of money so deposited into the registry of the court should be held by the clerk of the court pending further order. On the 21st day of July, the plaintiffs tendered into the registry of the court the said sum.
Thereafter, on July 25, 1960, the plaintiffs petitioned the lower court for a rehearing on the partial summary final decree entered on July 14, 1960, and prayed that the same be set aside. The lower court, on August 1, 1960, heard arguments upon the petition for rehearing and thereafter, on the 4th day of August, 1960, entered a final decree which ordered, adjudged and decreed as follows:
(1) That the partial summary final decree entered on July 14, 1960 should be deemed and considered as a final decree in the cause.
(2) The clerk of the court was ordered to deliver to the attorney for the defendants all funds deposited into the registry of the court by the plaintiffs.
In this appeal the plaintiffs assigned as error the lower court's order of August 4, 1960, in which it was held that the promissory note described in the complaint was in default and that the plaintiffs owed on account thereof a sum equal to ten percent interest for twenty-one days on $743,125. The defendant cross assigned as error the lower court's holding that the plaintiffs were not indebted to the defendant for accrued interest dating from May the 6th, 1960, to the date that complete payment was made to the defendant from the registry of the court, claiming that the payment of the money by the plaintiff into the registry of the court as ordered by the court did not toll the running of interest on the note.
The first question to be concluded will be the lower court's findings with regard to the sums which should bear the increased ten percent (10%) interest after the plaintiffs' failure to pay on April 15, 1960, the principal installment of $25,000 and the accrued interest of $18,125. This involves solely the construction of those portions of the note heretofore recited herein.
A cardinal rule of construction is to ascertain the intention of the parties. 7 Am.Jur., Bills and Notes, Sec. 49. The construction of a note by the parties thereto may be resorted to in the clarification of any ambiguous terms. Bennett v. Williams, 149 Fla. 4, 5 So.2d 51; 4 Fla.Jur., Bills and Notes, § 63.
Bearing in mind the foregoing principles, it is quite significant to observe that the holder of the note in his action at law against the maker of the note only claimed judgment against the maker of the note for the sum of $25,000, the unpaid principal installment, for the sum of $18,125, the unpaid accrued interest payment and interest on the total of the two sums at ten percent per annum. This clearly indicates the understanding, belief and intention of the holder of the note, the original payee.
In construing a negotiable instrument the object is to ascertain the intent of the parties by a reasonable construction. Bennett v. Williams, supra. When the intention is sufficiently apparent, effect should *181 be given to that intent, although some violence is thereby done to the words. 7 Am. Jur., Bills and Notes, § 48.
The following construction of the second paragraph of the note is based upon the foregoing rules of construction. The first sentence of the paragraph defines what shall constitute a default in the note and specifically refers to failure to make any payment of principal or interest when due. The second sentence in the paragraph refers to a default without specific reference to the note. Actually, there are two separate defaults, one being when any payment of principal or interest is not paid on its due date and this default, of course, creates a default in the note. The whole indebtedness due and payable under the first default would be the amount of the principal installment not paid, plus the amount of the accrued interest not paid. These amounts, without any doubt, are subject to the higher rate of interest.
The third sentence in the paragraph has to do with the acceleration of the whole indebtedness and the rate of interest on the whole indebtedness after acceleration. It says, "If this note shall continue in default for 30, days then the whole of said indebtedness shall, at the option of the holder, become immediately due and payable, without notice, and until fully paid shall bear interest at the rate of ten percent (10%) per annum". It is reasonable to conclude that this provision provides for ten percent interest per annum on the whole indebtedness represented by the note only (1) after the note had been in default for 30 days and then only (2) after the holder had accelerated the whole indebtedness by declaring the same due and payable.
If it was intended that the note read as the appellee contended and as the lower court held, the second sentence of the second paragraph could have simply provided, "While in default for any period, the whole indebtedness shall bear interest at the rate of ten percent (10%) per annum." No further reference to rate of interest would have been necessary. Likewise, there would have been no reason in the one instance to make reference to "unpaid principal, accrued interest and other charges", and to exclude the reference in the other instance, if a different meaning had not been intended since they are so closely associated.
It is appropriate here to comment on the provision of the note, in the first paragraph thereof, providing for the rate of interest until maturity. This provision reads as follows: "* * * together with interest from date at the rate of five percent (5%) per annum until maturity * * *." This can only be read to mean that all sums to become due and payable by virtue of the indebtedness represented by the note will bear only five percent (5%) per annum until each of said sums mature. This being true, to allow ten percent (10%) per annum on principal unmatured and which could not be matured under the terms of the note would be contrary to and in conflict with this provision of the note.
If a note provides for interest on principal sum at the rate of five percent per annum until maturity, a higher rate of interest should not be allowed on sums subject to acceleration clause, at the option of the holder of the note, until the sums have been declared accelerated and become matured and due and payable, and then the higher rate should commence running only from the accelerated date. Whitney v. Krasne, et al., 209 Iowa 236, 225 N.W. 245, 250; Federal Land Bank of Omaha v. Wilmarth, 218 Iowa 339, 252 N.W. 507, 94 A.L.R. 1338; 30 Am.Jur., Interest, § 45.
A review of authorities cited in the briefs of the parties discloses no Florida cases bearing directly upon the foregoing. The appellee cites numerous authorities supporting the validity of a higher rate of interest after default. In every instance, however, the authority quoted says, "after maturity". 36 Am.Jur., Mortgages, § 72; 30 Am.Jur., Interest, § 29. Also, the case of Morgan et al. v. Mortgage Discount Co., 100 Fla. 124, *182 129 So. 589, so far as its application to this case is concerned is only authority for charging a higher rate of interest after maturity.
It is reasonable to conclude that it was the intention of the parties that matured and unpaid principal installment, accrued interest and other charges were to bear interest at the rate of ten percent per annum commencing immediately after the same matured and became due and payable and that the unmatured principal indebtedness of the note would bear interest at the rate of ten percent per annum only after the note remained in default for thirty days and then only after the holder of the note had exercised his option to accelerate the same and declare the whole amount matured and due and payable. This is a reasonable construction of the note and it is an interpretation which is just to both parties. Where a contract is contradictory, obscure or ambiguous, or where its meaning is doubtful so that it is susceptible of two constructions, one of which makes it fair, customary and such as a prudent man would naturally execute, while other would make it unequitable, unnatural or such as a reasonable man would not be likely to enter into, the reasonable, logical and rational interpretation should be adopted. Florida Power Corporation v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671.
The second question to be concluded is the finding by the lower court that the defendant was only entitled to ten percent interest for twenty-one days. This question is raised by the defendant's cross assignment of error. The defendant contends that the tender on May 6, 1960, was inadequate; that the tender into the registry of the court on or before 2:00 P.M. June 1st, 1960, was inadequate and that the tender into court on July 21, 1960, in accordance with the court's order on July 14th, although adequate was not available for his use and benefit until its withdrawal in accordance with the court's order of August 4, 1960, and that he is, therefore, entitled to ten percent per annum until August 4, 1960.
It is generally accepted law that the tender of less than the amount required is not a good tender. In the case of Chandler v. Wright, 16 Fla. 510, the court said that if the amount of the tender does not include the interest to which a creditor is entitled, the tender is nugatory.
It is also generally accepted law that the appropriate office of a tender is to relieve the debtor from subsequent accrual of interest. 32 Fla.Jur., Tender, § 14; 52 Am. Jur., Tender, § 39.
It can, therefore, be concluded that a tender is not a tender unless it is adequate. The tender of May 6 was inadequate to cover the amount to which the defendant was entitled and would not, therefore, relieve the plaintiffs from subsequent accrual of interest. Likewise, the tender into the registry of the court on or before 2:00 P.M. June 1st, 1960, which amount incidentally tendered into the registry of the court was not based upon any determination by the court, was also inadequate and, therefore, would not relieve the plaintiffs from subsequent accrual of interest.
The court's summary partial judgment entered on July 14, 1960, was a determination by the court of the amount adequate to cover the indebtedness due the defendant and compliance with the order on July 21, 1960, by the plaintiffs by payment into the registry of the court of the additional sum required by the order was certainly a legal tender based upon a judicial determination and would, therefore, relieve the plaintiffs from any subsequent accrual of interest.
The lower court, therefore, was in error in limiting the allowance of ten percent interest after April 15, 1960, to only May 5, 1960.
*183 The decree of the lower court is reversed, with directions to enter judgment for the defendant for the principal sum of $43,125 plus interest thereon at the rate of ten percent per annum from April 15, 1960, to and including July 21, 1960.
Affirmed in part, reversed in part and remanded with directions.
HORTON, C.J., and CARROLL, CHAS., J., concur.