PER CURIAM.
This is an appeal by the defendants below from a declaratory decree determining *497 the amount remaining unpaid on a mortgage indebtedness.
The mortgage made by appellees December 10, 1947, originally secured an indebtedness of $16,000, evidenced by a note which called for payment of principal and interest by installments of $100 per month on the first of each month until the principal should be fully paid. Each monthly installment was to be applied first on interest and the balance on principal. The note provided for interest at the rate of 5% per annum until maturity, and further provided: “This note and deferred interest payments shall bear interest at the rate of nine (9) per cent, per annum until paid.”
Fifteen years later, in October of 1962, the mortgagees filed this suit for declaratory decree against the holders of the note and mortgage to determine the amount remaining unpaid thereon. During that interval the monthly installments of $100 each had been paid. Some had been paid on the first day of the month. However, most of the payments were not made on the due date (the first) but were made later in the month. The few which were made more than 30 days after the due date were accepted, without any election on the part of the mortgagees having been made to accelerate the mortgage indebtedness.
Both the note and the mortgage contained provisions relating to acceleration. In the note this was as follows ■
“This note is secured by a purchase money mortgage of even date herewith and is to be construed and enforced according to the laws of the State of Florida; upon default in the payment of principal and/or interest when due, the whole sum of principal and interest remaining unpaid shall, at the option of the holder, become immediately due and payable.”
In the mortgage the provision for acceleration read as follows:
“If any of the sums of money herein referred to be not promptly and fully paid within thirty (30) days next after the same severally come due and payable, or if each and every the stipulation, agreements, conditions and covenants of said promissory note and this mortgage or either, are not duly performed, complied with and abided by, the aggregate sum mentioned in said promissory note or otherwise secured hereby shall become due and payable forthwith or thereafter at the option of the Mortgagees, as fully and completely as if said aggregate sum of money was originally stipulated to be paid on such day anything in said' promissory note or herein to the contrary notwithstanding.”
There was a dispute between the parties, based on their differing constructions of the penalty interest provision of the note, as to whether interest had accrued. On behalf of the mortgagees it was contended that each time a monthly installment of $100 was not paid on the first of the month interest at the rate of 9% per annum was chargeable on the entire unpaid principal balance of the mortgage debt, as well as on that $100 installment, from the first of the month to the day later in that month when such installment was paid. The mortgagees also contended they were entitled to interest at 9% per annum on payments made by them for insurance on the mortgaged property, which under the terms of the mortgage were required to have been paid by the mortgagors. It was the contention of the mortgagors, and the chancellor so declared, that no interest has become payable at 9% per annum either on principal or interest, or upon the insurance premiums paid by the mortgagees.
In reaching that conclusion the chancellor relied on the holding of this court in the case of Morton v. Ansin, Fla.App. 1965, 129 So.2d 177. There, it was held that the higher rate of interest would not become payable on unmatured principal unless the indebtedness was accelerated for a default extending for the period for which acceleration was authorized. How *498 ever, in the Ansin case the court held that the higher interest provided for was applicable on a defaulted installment from the date it became due to the date paid.
Applying that to the instant case, we hold the chancellor was correct in determining that the 9% interest payable after maturity was not to be allowed on the unmatured principal inasmuch as there had been no acceleration, but that the chancellor was in error in holding that the mortgagees were not entitled to interest at the rate of 9% per annum on each monthly installment of $100 not paid on the first of the month, for the period from the due date to the date later in the month when such installment was paid. The aggregate of those amounts in this case would not be substantial. For example, if on the average the installment payments were made the middle of the month, the added interest -would amount to less than $100 for the period involved. On remand a further accounting should be held to determine the additional interest which thus accrued.
In our view the chancellor was not in error in holding the mortgagees were not entitled to interest on the insurance premium payments. Under a provision of the mortgage such an insurance payment, when made by the mortgagees was to become due and payable to them by the mortgagors at the time for payment of the next monthly installment following demand made by the mortgagees upon the mortgagors for payment thereof. The record discloses that the mortgagees did not so handle the matter. Upon making such payments they wrote the mortgagors advising that' payment of insurance premium had been made and that they were going to claim 9% interest thereon. In denying interest as to insurance premium payments the chancellor appears to have been impressed by the showing that the insurance placed by the mortgagees was on the basis of an over evaluation of the property for insurance. In. aq_ effort to do equity the chancellor held the mortgagors should be charged the amount of the premiums paid by the mortgagees, but without interest. We affirm that holding for the reason we first stated.
Accordingly, the decree appealed from is affirmed in part and is reversed in part as and to the extent set out above in this opinion, and the cause is remanded for further proceedings consistent herewith.
Affirmed in part, reversed in part and remanded.