PER CURIAM.
Appellant United States Freedom Tower, Inc., was the defendant in the trial court to a mortgage foreclosure action brought by appellee Citibank, N.A. These appeals are from a summary final judgment of foreclosure and an order denying defendant’s motion to set aside the foreclosure sale. The matter was briefed and heard as a consolidated appeal. All of the points presented on appeal by the defendant go to the propriety of the summary judgment of foreclosure. The appeal from the order denying defendant’s motion to set aside and vacate the foreclosure sale has not been argued.
The defendant has presented nine points, all of which have been considered by the court. In the interest of economy of space and time, only the following need be discussed.
It is urged that the summary judgment was erroneously entered because there was an issue of fact concerning the payment by the mortgagor of $275,000 on October 19, 1976. There was before the trial court at the time of the hearing of the summary judgment the pleadings in the case and an affidavit of the plaintiff with regard to the indebtedness. No depositions had been taken and no counter-affidavits were presented by the defendant. Nevertheless, we have examined the affidavit of indebtedness and find that the defendant was given credit for the payment of $275,-000 made October 19, 1976.
In arguing that there was actually no default, the defendant has failed to show any portion of the record which supports his position that there was an issue of fact in the following finding of the trial court:

“The consolidated indebtedness was in default at the time of filing the original Complaint and is presently in default because the installments of interest due from and after April 20, 1976, were not paid and for failure to make payment of the real estate taxes due for the year 1976 by failing to provide Plaintiff with paid tax receipts therefor on or before March 10, 1977.”
The covenant of a mortgagor to pay real estate taxes is a contract right conferred upon the mortgage holder and gives the holder the right to enforce this provision upon the mortgagor’s default. See Campbell v. Werner, 232 So.2d 252, 255 (Fla. 3d DCA 1970).
Affirmed.