443 So.2d 296 (1983)
Alan GREENSTEIN and Cindy Greenstein, Appellants,
v.
GREENBROOK, LTD., Jack A. Winston, Ira Grabow, Florida Housing Capital Corporation and Housing Capital Corporation, Appellees.
No. 83-510.
District Court of Appeal of Florida, Third District.
December 27, 1983.
*297 George, Hartz, Burt & Lundeen and Charles George, Miami, for appellants.
Goldberg, Semet, Lickstein & Morgenstern, Coral Gables, and Alan R. Stone, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The Greensteins' suit for specific performance against the seller, Greenbrook, Ltd., and the alleged titleholder, Florida Housing Capital Corporation, of the home they contracted to purchase ended in a judgment for the defendants which was affirmed in Greenstein v. Greenbrook, Ltd., 413 So.2d 842 (Fla. 3d DCA 1982). The plaintiffs then instituted the present action seeking damages sustained in that transaction based upon theories of breach of contract as against Greenbrook, and interference with the Greenstein-Greenbrook contractual relationship as against Florida Housing and three additional defendants, Jack Weinstein, Ira Grabow and Housing Capital Corporation. The complaint was dismissed with prejudice and the Greensteins again appeal.
We affirm the dismissal of the defendants Greenbrook and Florida Housing upon the application of that aspect of the doctrine of res judicata which forbids "splitting" a cause of action. When the plaintiffs initially sued those defendants, it was incumbent upon them then to raise all available claims or demands for relief arising out of the alleged breach. Their failure to do so precludes subjecting those defendants to another successive action based on the same conduct. Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942); Beck v. Pennsylvania National Mut. Casualty Co., 279 So.2d 377 (Fla. 3d DCA 1973); 1 Fla.Jur.2d Actions §§ 56, 59 (1977).
This ground, however, obviously has no application to the three defendants, Weinstein, Grabow, and Housing Capital Corporation, who were not joined in the first case. Since we find that the complaint states a cause of action against them for tortious interference with a contractual or business relation, e.g., Nitzberg v. Zalesky, 370 So.2d 389 (Fla. 3d DCA 1979), the dismissal of the complaint against them is reversed for further proceedings.
Affirmed in part, reversed in part.