458 So.2d 848 (1984)
Edward E. HADDOCK, Jr., As Trustee; Robert M. Woods, Jr., and Alvin Barasch, Appellants,
v.
Marvin G. MARLIN and Carolyn S. Marlin, His Wife; Lyle Powell and Myra Powell, His Wife, Appellees.
No. 83-1711.
District Court of Appeal of Florida, Fifth District.
November 8, 1984.
*849 Paul H. Bowen, of Swann & Haddock, P.A., Orlando, for appellants.
Frank M. Townsend, of Townsend & Townsend, Kissimmee, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment in a mortgage foreclosure case. The issues involve interest awarded in the judgment, and attorney's fees. We reverse as to the interest and affirm as to the fees.
The trial judge awarded 25% interest to the mortgagees to begin from the date of default. Appellants complain that they should be required to pay that high rate only after the note was accelerated. The applicable note provision says:
If default be made in the payment of any of the sums or interest mentioned herein or in said mortgage, or in the performance of any of the agreements contained herein or in said mortgage, then the entire principal sum and accrued interest shall at the option of the holder hereof become at once due and collectible without notice, time being of the essence; and said principal sum and accrued interest shall both bear interest from such time until paid at the highest rate allowable under the laws of the state of Florida. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.
It is rather apparent that until the option to accelerate is exercised then the debt does not bear interest at the highest rate allowable under the law. Bratcher v. Wronkowski, 417 So.2d 1132 (Fla. 5th DCA 1982), petition den., 424 So.2d 760 (Fla. 1982); Morton v. Ansin, 129 So.2d 177 (Fla. 3d DCA 1961). Incidentally, the debt was greater than $500,000 so the highest lawful rate according to statute was 25%. § 687.03(1), Fla. Stat. (1981).
The trial judge also awarded interest at the 25% rate after judgment. This is error because the applicable statute provides:
A judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12% a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
§ 55.03(1), Fla. Stat. (1983). The note here provides for 10% interest until acceleration after default and then 25% thereafter, so *850 12% is the maximum rate allowed by statute, after judgment.
The judgment is reversed as to the interest and affirmed in all other respects and this cause remanded for such further proceedings as are necessary to comply herewith.
REVERSED in part, AFFIRMED in part and REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.