529 So.2d 1180 (1988)
Sidney KONIGSBURG, Appellant,
v.
Leonard GRAND, Appellee.
No. 87-2927.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
Rehearing Denied September 12, 1988.
Alan H. Konigsburg of Alan H. Konigsburg, P.A., Hollywood, for appellant.
Mark S. Grand of Grand, Miller & Krause, Hollywood, and Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Appellant seeks reversal of an order granting appellee's motion for post-judgment interest. After entry of final judgment against him, appellant tendered payment of the judgment to appellee. Appellee rejected the tender solely on the ground that he wanted to preserve his right to appeal. Appellee filed a notice of appeal followed by appellant filing a cross appeal. After a hearing on appellee's motion for post-judgment interest, the trial court concluded that appellant's tender was sufficient to cut off interest from the time of judgment until he filed his notice of cross *1181 appeal but that appellant's cross appeal reactivated the running of interest.
Appellant contends on appeal that the award of post-judgment interest was error because he made a sufficient tender to stop any interest from accruing when he tendered checks for the full amount due and without express words of condition. Appellee responds that appellant's tender ceased being unconditional and continuing when he filed a notice of cross appeal contesting liability on the judgment. We find merit in appellant's argument and reverse.
Appellee's election to appeal brought about appellant's exercise of his appellate rights. The possibility of a new trial warranted appellant's filing of a cross appeal to present any possible errors affecting the outcome of the original proceeding. The cross appeal did not modify appellant's unequivocal tender of payment of the judgment. Appellant's tender of the full amount due, without words of condition, was sufficient to relieve him from the subsequent accrual of interest. Jobert-Kendall, Inc. v. Kendall Commercial Associates, 491 So.2d 1301 (Fla. 3d DCA 1986); Morton v. Ansin, 129 So.2d 177 (Fla. 3d DCA 1961). In Morton the court said:
It is also generally accepted law that the appropriate office of a tender is to relieve the debtor from subsequent accrual of interest.
Id. at 182.
Accordingly, we reverse the trial court's order awarding post-judgment interest against appellant.
REVERSED.
HERSEY, C.J., and WALDEN, J., concur.