PER CURIAM.
This is an appeal by the defendant General Storage Corporation from an adverse final summary judgment in a mortgage foreclosure action. We reject General Storage Corporation’s sole point on appeal that there were genuine issues of material fact as to the existence and date of its default on a $1,600,000 promissory note and $150,000 future advance note, which notes were secured by an irrevocable letter of credit and a mortgage. Without material dispute, the evidence in this record establishes (1) the notes in question matured on March 17, 1989, but General Storage Corporation failed to pay the remaining unpaid balance upon demand for which it was in default on June 17, 1989, (2) Creditbank, the lending institution which made the loans in this case, exercised its rights under the letter of credit and made a $150,000 draw which it applied to the entire debt due and owing in accord with terms of the letter of credit. We have not overlooked General Storage Corporation’s contrary arguments, but we are not persuaded thereby. Lufthansa German Airlines Corp. v. Mellon, 444 So.2d 1066, 1067 (Fla. 3d DCA 1984); United States Freedom Tower, Inc. v. Citibank, N.A., 372 So.2d 124 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 643 (Fla.1980); Reflex, N.V. v. Umet Trust, 336 So.2d 473, 475 (Fla. 3d DCA 1976).
There is also a cross appeal by the Federal Deposit Insurance Corporation, as the receiver/liquidator of Creditbank, from the final summary judgment insofar as the judgment awards 12% prejudgment interest on the amount due and owing on the subject notes. The FDIC argues, and we agree, that the correct interest rate, according to the terms of the promissory note, was “the highest legal rate chargeable per annum” which is 25% for a loan, as here, in excess of $500,000. Sections 687.02, 687.071, Fla.Stat. (1989). Again, we have considered the contrary arguments of General Storage Corporation, but are not persuaded thereby. See Haddock v. Marlin, 458 So.2d 848 (Fla. 5th DCA 1984).
The final summary judgment under review is affirmed except insofar as it awards $392,155.25 in prejudgment interest at a rate of 12% per annum. As to the award of prejudgment interest only, the final summary judgment under review is reversed, and the cause is remanded to the trial court with direction to award prejudgment interest at the rate of 25% per an-num, which the FDIC contends amounts to $804,383.56.
Affirmed in part; reversed in part.