DELL, Judge.
Appellant, Carteret Savings Bank, F.A., contends the trial court erred when it denied its complaint for foreclosure of a mortgage, reinstated the mortgage and abated interest on the mortgage from April, 1987 *1311 to the date of the final judgment. We agree and reverse.
In January, 1985, appellant granted a home equity credit line in the amount of $11,000 to appellees, Mayer L. Weiner and Linda S. Weiner, then husband and wife. In August, 1986, appellant granted appel-lees’ application for an increase in their credit line to $30,000. Appellees signed a new note and executed a new mortgage on their home. Both appellees had access to the credit line by simply writing a check. Appellees thereafter began to experience marital difficulties. Linda Weiner testified that approximately six or seven months after appellant increased their credit line, she attempted to negotiate a check and found that the account had been closed by Mayer Weiner or his attorney. Mrs. Weiner then testified that she discovered that her husband had withdrawn approximately $12,000 by reopening the account for that purpose. On April 14, 1987, Linda Weiner verbally requested that the account be closed. The bank asked that she make a written request and she complied. On the same day, while the account was closed to both parties, a check in the amount of $8,800, drawn by Mayer Weiner, was presented for payment. The bank refused to honor the check. On April 17, after being advised that the bank had reopened the account, Linda Weiner withdrew the balance of the account, which amounted to $9,000.
Appellant points out that the record contains uncontroverted evidence that it had no knowledge of the marital difficulties existing between the parties and that neither party requested the account be terminated, but rather they only sought temporary suspension or closure of the account. On May 18, 1987, the Weiners defaulted under the terms and conditions of the note and mortgage by failing to make payments when due. The trial court made the following findings:
The bank closed the account pursuant to the verbal order of Linda Weiner. Mayer Weiner discovered this closure in February of 1987 and objected to the verbal closing and, at his insistence, the account was then re-opened. He drew a
couple of checks after that, and then Mayer Weiner issued a check on April 10, 1987. This check was not paid by the bank pursuant to another verbal closing which was made by Linda Weiner on April 14, 1987. Linda Weiner then reopened the account on April 15,1987, and then withdrew the sum of $9,000.00 from the account.
The husband attempted to pay the bank on the amount that was withdrawn prior to the $9,000.00 check. The bank seeks to foreclose on the entire amount.
[[Image here]]
If this account were closed, then this is, in fact, a termination. And Mr. Weiner had previously objected to the verbal closing. If the account was terminated, the agreement is concluded. A re-opening of the account is a new agreement, and if it is to attach as a lien to tenants by the entireties property or to create joint and several liability, it must be signed by both parties.
Therefore, the $9,000.00 withdrawn by Mrs. Weiner is not drawn under the agreement and does not attach to the property.
[[Image here]]
The bank is estopped to deny that this account was terminated.
The lien is in the amount of $20,867.38.
Appellant contends that the trial court erred when it effectively found a novation of the equity line of credit agreement and the mortgage and when it concluded that the bank was estopped from denying termination of the account. We agree and reverse.
Neither Linda Weiner nor Mayer Weiner pled or proved a novation of the equity line of credit agreement. The record suggests that both Linda Weiner and Mayer Weiner had at one time or another instructed the bank to close the account and then instructed the bank to reopen the account. During the time between April 14, 1987 and April 17, 1987, both parties presented checks that would have consumed most of the balance of the equity line of credit. The record simply *1312 does not support the trial court’s conclusion that the reopening of the account at one or both of the parties’ request resulted in a new agreement. A novation has been defined as follows:
A novation is a mutual agreement between the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation and like all contracts must be based upon adequate consideration.
Miami Nat. Bank v. Forecast Const. Corp., 366 So.2d 1202, 1204 (FIa.3d DCA 1979) (citations omitted). Although hindsight shows that the bank acted improvidently when it honored the separate requests of appellees concerning the closure and reopening of the account, its actions, nevertheless, cannot be held as a matter of law as a bar to its right to foreclose under the terms of the credit agreement. We also reject Linda Weiner’s argument that the conveyance of her interest in the home to Mayer Weiner pursuant to their dissolution of marriage property settlement relieved her of obligation to appellant under the note. See Hernandez v. Leiva, 391 So.2d 292, 294 n. 1 (Fla.3d DCA 1980). Both appellees had joint and several liability under the terms of the note which they secured by a mortgage on their home.
A mortgage foreclosure proceeding is an equitable proceeding. Neither appel-lee furnished the bank with notice of the pending dissolution proceeding. Neither party sought final termination of the account and, in fact, acted equivocally in this regard. Appellees, by their individual actions, consumed the full amount of the line of credit secured by the mortgage. Equity compels us to hold that the trial court erred when it failed to enter a judgment of foreclosure in favor of the appellant.
We also hold that the trial court erred when it abated interest on the amount due under the note. The record shows that appellees did not tender the full amount due under the note which would have tolled the interest accrual. See Konigsburg v. Grand, 529 So.2d 1180, 1181 (Fla. 4th DCA 1988).
Accordingly, we reverse the trial court’s final judgment in favor of appellees and remand this cause with instructions for the trial court to enter a judgment of foreclosure in the full amount of the monies borrowed by appellees, plus all interest due under the terms of the note and mortgage.
REVERSED and REMANDED.
DOWNEY and HERSEY, JJ., concur.