695 So.2d 941 (1997)
Hector ALVAREZ, Appellant,
v.
NESTOR SALESCO, INC., d/b/a Ace Tool Company, d/b/a Nesco Tools Company, Appellee.
No. 95-4125.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
*942 John F. Phillips, Fort Lauderdale, for appellant.
Michael J. Schwartz of John S. Freud, P.A., Miami, for appellee.
KLEIN, Judge.
Plaintiff appellant was blinded in one eye while using a Snap-On wrench to loosen a nut on a sander manufactured by appellee Nestor. Plaintiff first sued Snap-On Tools, alleging a defective wrench, which resulted in a defense verdict and an affirmance on appeal. Plaintiff then brought this separate law suit against appellee Nestor, alleging that a defect in the sander caused his injury. The trial court concluded that the claim against Nestor was barred by the rule against splitting causes of action. We reverse.
In Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432, 433 (1942), our supreme court explained the rule against splitting a cause of action as follows:
We recognize the rule against the splitting of causes of action and that as a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all. As is stated in 1 Am.Jur. 481, "the rule is found upon the plainest and most substantial justicenamely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits."
The trial court was apparently persuaded by general statements in decisions involving this principle, such as the one made by this court in Thermofin, Inc. v. Woodruff, 491 So.2d 344 (Fla. 4th DCA 1986), which was "[t]he rule against splitting causes of action requires that all relief arising out of a single transaction or event be sought, and recovered, in one action," citing Gaynon. The rule, however, does not apply where the claims involve different defendants.
In Greenstein v. Greenbrook Ltd., 443 So.2d 296 (Fla. 3d DCA 1983), the court did apply the rule against splitting causes of action when it affirmed the dismissal of a second law suit in regard to defendants who had been previously sued, but reversed the dismissal as to defendants who had not been joined in the first case. As the third district noted in Greenstein, the rule against splitting causes of action is part of the doctrine of res judicata. Id. at 297. While it can bar successive claims against the same parties, it is inapplicable to a subsequent claim brought against a different party. See also Builders Glass & Metal v. M.E.T. Constr., Inc., 528 So.2d 988 (Fla. 3d DCA 1988).
Reversed.
PARIENTE and SHAHOOD, JJ., concur.