WARNER, J.
In this business dispute between a father and a son, the son appeals the trial court’s order awarding the father interest on two mortgage loans from the father to his son. The son claims that the father’s refusal to give him an estoppel letter, which was the subject of a prior successful suit against the father, should bar the father from collecting the interest due. The trial court held that the son was barred by res judicata from raising his defenses to the father’s collection of interest. We reverse the award of default interest on the first loan, because the father was not entitled to interest at the default rate, as he never called the note due and payable. Therefore, the son’s assertion of this affirmative defense is not barred by the prior suit. We affirm the award of interest on the second mortgage.
Appellant, Edward Eckert, and his company (collectively referred to as Edward) borrowed more than $800,000 from his father, Bernhard, in two loans. The first was in the amount of $540,000 and secured by a mortgage on property in Coconut Creek. The note provided that interest only would be payable monthly until 2004, when the entire principal would come due and payable. Default interest payments would bear interest at 18%. The mortgage included a non-waiver provision that “failure by the Mortgagee to exercise any of the rights or options herein provided shall not constitute a waiver of any rights or options under said note or this mortgage accrued or thereafter accruing.”
The second note for $341,900 was also secured by a mortgage on the same property and other property. This mortgage was prepared in conjunction with a bankruptcy order whose terms were incorporated into the mortgage. That order provided for payment of the entire balance one year from the date of the order, or on or before August 19, 1999, and if the balance was not paid, the principal would bear interest at the rate of 10% from that date. This mortgage, too, included a non-waiver provision.
*428 Edward and his company made interest payments to his father on the first mortgage for a while, the last of those payments being made in October 1999. No payments were ever made on the second mortgage.
Edward entered into a contract to sell the mortgaged property in February 2000 and requested an estoppel letter on the mortgages from Bernhard in May 2000. Bernhard refused to cooperate, requiring Edward to file suit to obtain the estoppel information and for damages for Bern-hard’s failure to provide it. In August 2000, the court entered an order requiring Bernhard to provide the estoppel information, but Bernhard failed to do so. In the meantime, because the contract could not close without the estoppel information, the buyer terminated the contract.
The case came to trial in January 2002, and the court awarded $336,616.16 in damages to Edward as a result of Bernhard’s failure to provide the estoppel information. The judgment also reserved jurisdiction to award additional future damages. Edward managed to collect approximately $350,000 in full satisfaction of the judgment.
Edward subsequently attempted to obtain refinancing of the property in August 2002. In connection with this, he faxed a new request to Bernhard for the payoff information on the loans. Again, Bern-hard failed to comply, and Edward filed a motion to compel in the prior lawsuit. Through counsel, Bernhard finally provided estoppel information in December 2002. This included default interest on the first mortgage loan from the date of the last interest payment as well as interest at 10% on the second mortgage from its due date. Although Edward disputed the interest and was seeking it as damages, he was able to close on his refinancing, pay Bern-hard the principal owed, and escrow the remaining monies until the dispute over interest was resolved.
In the meantime, Edward filed a motion seeking the award of additional damages in the lawsuit claiming additional damages of mortgage payments and legal costs and fees to settle a suit filed by the buyer who terminated the sales agreement. The trial court denied additional damages, and this court affirmed, concluding that the trial court lacked jurisdiction to award additional damages in the case once the judgment had been satisfied in full. See EDE Properties, Inc. v. Eckert, 872 So.2d 385 (Fla. 4th DGA 2004).
To resolve the interest dispute and obtain the escrowed funds, Bernhard filed a complaint for declaratory relief against Edward, asserting that he was entitled to the escrowed proceeds because he was due the interest on the two mortgages. Edward filed an answer asserting various affirmative defenses, including that Bern-hard’s claim to interest was barred, in whole or in part, by his failure to declare the notes in default under the terms of the notes. Edward also filed a counterclaim for declaratory relief and damages, asserting that he was entitled to the funds because of Bernhard’s misconduct in failing to provide estoppel information.
At trial the parties stipulated to the facts, so the court ruled as a matter of law. The court found that Edward’s obligation to pay on the mortgages was separate and independent from Bernhard’s obligation to provide estoppel information to Edward pursuant to section 701.04, Florida Statutes. Edward’s obligation to make the payments on the notes and mortgages was not “discharged, diminished, or extinguished” by Bernhard’s failure to provide estoppel information. The court rejected Edward’s claim that -Bernhard was required to bring a compulsory counterclaim to collect default interest in the first case. *429 Edward, on the other hand, was barred by res judicata from claiming additional damages for Bernhard’s failure to provide the estoppel information as the damage claims could have been brought in the original suit. The court declared that Bernhard was entitled to interest at the rate of 18% from the date of the last interest payment in 1999 through the date of the refinancing in March 2003. Likewise, the court declared that interest on the second mortgage at 10% was due from August 1999 when the mortgage debt came due until the March 2003 refinancing. From this ruling Edward appeals.
Because the trial court decided this case on issues of law with a stipulated record, our review of the trial court’s ruling is de novo. See, e.g., Global Travel Mktg., Inc. v. Shea, 908 So.2d 392 (Fla.2005); Direct Gen. Ins. Co. v. Morris, 884 So.2d 1077 (Fla. 1st DCA 2004).
We agree with the trial court that Edward’s obligation to pay the contractual interest on the notes was independent of Bernhard’s statutory obligation to provide payoff information. Edward was contractually obligated to make monthly interest payments on the notes, which he failed to do after October 1999. As the trial court noted, the fact that Bernhard failed to provide the estoppel letter did not discharge Edward’s obligations under the notes. Therefore, interest continued to be due even after the entry of the original final judgment, and Edward was obligated to pay it. Bernhard was entitled to the interest until the notes were paid.
Edward sued for his damages associated with Bernhard’s failure to provide the mortgage estoppel letter in 2000. Having sued and recovered damages for Bernhard’s failure to provide the estoppel information, Edward is barred from asserting a claim for additional damages for that same wrong in this suit. However, we think it is more appropriately based upon the rule against splitting causes of action. In Tyson v. Viacom, Inc., 890 So.2d 1205, 1210-11 (Fla. 4th DCA 2005), we said:
The rule against splitting causes of action is “an aspect of the doctrine of res judicata.” Froman [v. Kirland, 753 So.2d 114, 116] (citing Alvarez v. Nestor Salesco, Inc., 695 So.2d 941 (Fla. 4th DCA 1997)). The rule provides that: “[A]s a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all.” Id.
Edward already collected $350,000 in damages for Bernhard’s failure to provide the estoppel letter. If he claimed that interest payments then due and owing were also a component of his damages, he should have recovered them in the prior suit.
Bernhard, on the other hand, was not required to bring his claim for interest as a compulsory counterclaim. The note payments were not the subject in controversy. See Fla. R. Civ. P. 1.170(a). Edward admitted his obligation to pay on the notes, hence the need for an estoppel letter. Thus, Bernhard’s claim to interest was not a compulsory counterclaim.
However, neither res judicata nor the rule against splitting causes of action bars the consideration of Edward’s affirmative defense that Bernhard’s claim is barred, in whole or in part, by his failure to declare either note in default. The principal amount of the first note was not due until 2004. The first mortgage and note each provided that upon default in the payment of interest or principal, the whole sum would become due and payable at the option of the holder. The note called for default interest to be payable from the “due date.” Thus, a declaration of default was necessary to trigger the obligation to pay interest at the default rate. See Haddock v. Marlin, 458 So.2d 848 (Fla. 5th *430 DCA 1984) (where mortgage provided that holder had the option to accelerate upon default, interest at the default rate would be due only from the date of acceleration). Otherwise, the note was not due and could not be calculated at the default rate.
The grounds for this affirmative defense of failure to declare a default did not arise until Bernhard actually made a claim for interest at the default rate. Therefore, the prior suit in no way affected Edward’s right to defend against Bernhard’s claim for interest at the default rate.
The parties stipulated that Bern-hard did not make a demand for payment of default interest prior to December 2002. Under the terms of the note, interest at the default rate of 18% did not accrue prior to that date. Therefore, we reverse and remand with directions to recalculate interest owed on the first note at the interest rate of 7.25% as contained in the note until the date of the letter of acceleration and only thereafter at the rate of 18% until the same was paid.
As to the second note, it bore interest at the contract rate for its entire term, because the note did not provide for a default rate of interest. Therefore, the trial court did not err in its calculation of interest on this note.
We affirm as to the remaining issues raised. Edward claimed attorney’s fees in this action pursuant to section 701.04. However, this action was not a claim based upon that provision. The remaining issue was not preserved, nor was it tried by implied consent.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
GROSS AND HAZOURI, JJ., concur.