GORAM WARD v. WILLIAM H. STANLEY.

178 So. 398.

Opinion Filed January 22, 1938.

*James H. Finch,* for Plaintiff in Error;

*Coe & McLane,* for Defendant in Error.

TERRELL, J.—The defendant in error brought a common law action against the plaintiff in error and recovered a verdict in the sum of five thousand dollars for personal injuries. The trial court entered a remittitur for five hundred dollars which was accepted and final judgment was entered for $4.500.00 to which the instant writ of error was prosecuted.

The plaintiff in error, Goram Ward, was the driver of a timber truck for Brown-Florida Lumber Company at Court Martial Lake in Bay County, Defendant in Error, William H. Stanley, was a log cutter working for the same company and lived at Vernon, Florida. On July 7, 1934, Ward was driving his truck to Caryville, via Vernon and Stanley got permission to ride with him (Ward) to his home at the latter place. The truck was a skeleton timber truck, had no cab or body but immediately back of the seat, there was an improvised platform for tools about four feet wide and five feet long. The truck also carried a trailer.

Stanley took a seat on the platform immediately behind Ward who started the truck and as he was turning a curve seventy-two steps from where he started, Stanley fell off and the rear dual wheels of the truck and trailer passed over his body. His hip was crushed, his collar bone was broken, and he received other minor injuries. He was in a hospital several weeks, and in·bed at home for almost a year and at the time of the trial about twenty months after the accident, he had not been able to return to work. He was twenty-four years of age at the time of the accident and had just commenced to work for Brown-Florida Lumber Company. So far as the record shows, he had been a farm laborer up to the time he began to work for the latter company.

For reversal of the judgment, plaintiff in error relies on contributory negligence and the refusal of three special instructions to the jury requested by him.

As to the special charges requested and refused, we think such of them as he was entitled to have given were sufficiently covered in the general charge and other charges requested which were given.

The contributory negligence complained of consisted in deliberately getting on the platform of the truck knowing that it was not equipped for hauling passengers, that there was nothing to which he could hold to keep from falling off and if he fell off, there was nothing to keep him from falling under the rear wheels of the truck. This was no doubt a careless act but it did not relieve the driver from being careful if he (Stanley) took due caution to protect himself after being accepted as a passenger. The question of whether or not this was done was one for the jury to determine. In other words, having been accepted as a passenger without reservation, the determinating question is the one of whose negligence was the proximate cause of the injury rather than one strictly of contributory negligence and this was for the jury to settle.

The evidence on this point is in conflict but it is sufficient if believed to show negligence on the part of Ward. It does not, however, justify a judgment for $4,500.00. While not objected to, the Experience Tables of Mortality were introduced in evidence yet there was not a syllable of evidence supporting permanent injury. The rule is that they are not otherwise competent evidence. There was no evidence as to the cost of hospitalization, nurses' bills, doctors' bills, or medical bills, and the evidence of earning capacity was too limited to predicate an intelligent judgment. About all that was proven was that Stanley had been seriously hurt and had lost more than a year's work.

For these reasons, we think the judgment should be reversed and a new trial awarded unless the Defendant in error will consent to a further remittitur of $2,000 and let the judgment stand at $2,500.00.

It is so ordered.

WHITFIELD, BUFORD, and CHAPMAN, J. J., concur.

BROWN, J., concurs in the conclusion.

ELLIS, J., dissents on ground of no liability being shown by the record.