**CLAUDE E. GAYNON and MAGGIE GAYNON, as co-partners, trading and doing business as GAYNON IRON WORKS v. H. A. STATUM.**

10 So. (2nd) 432                                    Division A
November 17, 1942

Adair, Kent, Ashby & McNatt, C. G. Ashby and John W. McNatt, for appellants.

John E. Teate and George C. Bedell, for appellees.

BUFORD, J.:

The appellee here and his wife, Edna Statum, joined by her husband, instituted suit in the Circuit Court of

Duval County to recover damages alleged to have been sustained by reason of the negligent act of appellant's servant in the operation of a truck on the highway. In that suit H. A. Statum sought to recover damages for personal injuries to himself, for injuries to his property and also for injuries sustained by reason of loss of his wife's services, companionship, consortium, etc., and expenses incurred in the treatment of her made necessary by injuries received by her at the time of the accident; and the wife, Edna, sought damages in her own right resulting from injuries received.

The declaration was demurred to, among other grounds, on the ground that it was duplicitous in that it set up a cause of action in behalf of the husband for a loss of property and personal injuries to himself and also set up a cause of action in favor of the wife for injuries to her individually. The demurrer was sustained upon the ground that the declaration was duplicitous.

Plaintiff amended, eliminating the wife as a party and eliminating his claim for damages on account of loss sustained by him by reason of her injuries. The Statums then filed a suit in the Civil Court of Record wherein Mrs. Statum claimed damages for injuries to herself and H. A. Statum claimed damages to him by reason of injuries to his wife.

The case in the Civil Court of Record came to trial first and resulted in verdict and judgment in favor of each of the plaintiffs. Thereafter, the defendant attempted to file plea in abatement in the Circuit Court case wherein it was averred in effect that Statum had elected to sue his claim in the Civil Court of Record, that he had pursued that suit to judgment and had not included in his claim for damages therein

the items for which he had sought to recover in the Circuit Court, that this constituted a splitting of cause of action and the plaintiff in the Civil Court of Record was estopped to proceed with the suit in the Circuit Court because he was bound to present his entire claim for damages growing out of one transaction or occurrence in one suit. The court declined to allow the plea. Exception was noted. Judgment was in favor of the plaintiff. The defendant perfected appeal to this Court.

The first question posed by appellant is, "Where a plaintiff obtains a judgment for a portion of the damages sustained by him by reason of an alleged wrongful act, may he thereafter maintain another action against the same wrongdoer for other damages sustained by such litigant by reason of the very same wrongful Act?"

"Stated differently: May *one* plaintiff obtain more than *one* judgment against *one* alleged wrongdoer for damages sustained by reason of *one* wrongful act?"

Section 46.09 Fla. Statutes, 1941, provides: "Action by man and wife. In any action brought by a man and his wife for injury done to the wife, in respect of which she is necessarily joined as co-plaintiff, the husband may add thereto claims in his own right and separate actions brought in respect of such claims may be consolidated, if the court shall think fit. In case of the death of either plaintiff, such suit, so far as it relates to the causes of action, if any, which do not survive, shall abate, but to that extent only."

This was originally Section 11 of Chapter 1096, Acts of 1861, brought forward as Section 2586 R.G.S., 4226 C.G.L. We have never had the precise question presented in this court. A like question has been pre-

sented in many other cases and the courts have not been entirely in harmony in the determination thereof. We recognize the rule against the splitting of causes of action and that as a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all. As is stated in 1 Am. Jur. 481, "the rule is founded upon the plainest and most substantial justice—namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits."

It, therefore, appears that if the so-called splitting of the cause of action does not result in the multiplicity of suits then the reason for the rule does not exist in that case and the rule would not apply. Such is the condition which we find here. Statum had a cause of action in his capacity as husband for damages sustained by him growing out of the injuries to his wife, which, under the statute, supra, he could recover in the same suit in which the wife is allowed to recover for injuries to her. He also claimed other damages which he could not recover in that suit and, therefore, it was necessary to institute and maintain two causes of action, one for damages accruing by reason of injuries to the wife, and the other for damages accruing by reason of injury and loss to the husband. Mr. Statum was in position to claim damages accruing to him by reason of injuries to his wife in either suit and, therefore, it became immaterial whether he claimed those damages in one suit or the other.

We think the case here presented is analogous to the case presented in Southern Ry. Co. v. King, Cir-

cuit Court of Appeals, 5th Circuit, 160 Fed. 332, 87 C.C.A. 284, wherein the court said:

"The contention is made that the injuries to the person of the wife, and the loss occasioned by the death of the husband, constitute a single cause of action, and that separate actions will not lie. This contention appears to be seriously made, .but in the practice and procedure of the several states it would appear to be a legal novelty without law or precedent. If it be conceded that the deceased husband was the 'personal property' of the plaintiff herein then the contention would be supported by the decisions of every state court but one. Where injuries to the person and the physical property of the injured party grow out of a single tort, then, and in that event, the tort to the person and the property constitutes a single cause of action and, as previously suggested, the same should be presented in a single suit. This is the English view and the holding is the same in all of the American courts with one exception. The declaration that the husband is the 'personal property' of the wife has not, as yet, received the sanction of the court or text-writer.

"The rule as to a single cause of action has no application where the injury is suffered in a different capacity or by different persons. In such cases there is, of necessity, two causes of action and when embraced in a single suit a plea of misjoinder would be applicable. Damages recovered by the surviving wife for injuries to her person become her separate property, whereas in many states, and especially in Georgia, the recovery for the death of the husband becomes a trust fund for the benefit of the heirs of the deceased. It follows that the error complained of,

by reason of the court overruling said plea, is without merit. Any other disposition would have been error."

This judgment was affirmed by the Supreme Court of the United States in 217 U.S. 524, 54 L. Ed. 868. We think the reasoning applied in that case applies here and that the rule against splitting of causes of action was not violated. See Annotation L.R.A. 1917C 544, et seq., and authorities there cited.

Having reached this conclusion, it is not necessary for us to discuss the question of whether or not the point was waived in the court below.

The next question presented by the appellant is, "Where plaintiff's case is based upon an inherently impossible theory and improbable testimony as demonstrated by the physical facts and evidence consistent therewith, should not a verdict for plaintiff be set aside?"

The question is based upon an assumption which the record does not require us to adopt. From our reading of the record we are not brought to the conclusion that the plaintiff's case is based upon any such hypothesis.

The third question is: "Where a plaintiff's evidence shows that he was observing the alleged negligent operation of a vehicle ahead, but notwithstanding he continued to follow it at a distance of approximately 50 feet and at a speed of approximately 35 miles per hour, and made no effort to prevent his involvement in a collision caused by the negligent operation he was observing, is he not guilty of contributory negligence?"

The question of whether or not the plaintiff was guilty of contributory negligence was one for the jury to determine. There were some conflicts in the evi-

dence and the jury might have found for the defendant on the plea of contributory negligence, but the evidence of contributory negligence is not so strong or convincing as to warrant us in reversing judgment based upon the verdict of the jury which was arrived at after having had proper instructions from the trial court in that regard.

The fourth question challenges the verdict and judgment as being excessive. The verdict was for $11,000.00 and included consideration of damages for loss of automobile, for the loss of a leg, which had already been crippled and which one of the expert witnesses for defendant intimates was of but little value, for expenses incurred in treatment, for pain and suffering, for the cost of an artificial leg and for permanent disability.

The record shows that the plaintiff had suffered and will suffer a great deal of pain, that the stub of the amputated leg has never healed and whether or not it ever will heal is problematical. His medical and surgical expense was considerable.

It is true that in the past we have affirmed judgments not so large upon condition of remittitur. See Ward v. Stanley, 130 Fla. 462, 178 Sou. 398 and cases there cited.

From a careful consideration of the entire record we are brought to the conclusion that the verdict and judgment is somewhat excessive and that the sympathy of the jury may have been responsible for a part of the damages awarded. Therefore, if the plaintiff in the court below shall, within fifteen (15) days of the going down of the mandate in this cause, enter a remittitur in the sum of $2000.00, the judgment for the remaining $9000.00 with interest thereon from

date of entry will stand affirmed; otherwise, the cause will stand reversed for a new trial.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.