98 So.2d 498 (1957)
Valentine W. MIMS, for the use and benefit of Emmco Insurance Company, a corporation, Appellant,
v.
Howard REID, Appellee.
Supreme Court of Florida.
November 27, 1957.
*499 Jack A. Nants, Orlando, for appellant.
Sanders, McEwan & Berson, Orlando, for appellee.
DREW, Justice.
V.W. Mims sued Howard Reid for personal injuries and damage to his automobile arising out of an automobile accident. At the pre-trial conference, Mims, with the consent of Reid, dismissed his claim for property damages; whereupon, the case was settled and a judgment was rendered, promptly paid and satisfied.
Prior to the entry of the consent judgment but during the pendency of the action, Mims, for the use and benefit of Emmco Insurance Company, instituted a separate action based on the same collision to recover damages to the motor vehicle. Reid answered and defended on the ground of the prior action and the consequent judgment and satisfaction thereof; and further that the suit was barred because it was in violation of the rule against splitting a cause of action and was res judicata. In reply to the answer, Mims alleged that Emmco Insurance Company had reimbursed him for damages to his car under the provisions of his insurance policy and he had delivered to Emmco Insurance Company a loan receipt. The reply alleged that by virtue of the loan receipt Emmco Insurance Company had a separate cause of action in itself and could maintain the same despite the previous action of the plaintiff and the consequent judgment and satisfaction.
The matter was terminated in the trial court by the entry of a summary judgment holding, inter alia, that the consent judgment and satisfaction thereof in the case involving personal injuries prevented maintenance of the separate action for damages to the automobile. This appeal is from the summary final judgment.
The sole point, therefore, involved in this appeal is correctly stated by appellee as follows:
"May a person who suffers property damages and personal injury in an automobile collision and accepts reimbursement from an insurance carrier for the property damages giving to the insurance carrier a loan receipt sue the adverse party for personal injury, securing judgment and payment thereof and thereafter maintain a separate suit for the use and benefit of the insurance carrier to recover the property damage?"
There is a great divergence of views on this subject by the various courts of the land. What is said to be the majority rule *500 holds that only one cause of action arises. The courts holding to this view reason that if the defendant's wrongful act is single, the cause of action must be single and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong. In other jurisdictions, the rule is that two causes of action result from the negligent act which inflicts injury on a person and his property at the same time. This is said to be the minority rule. 1 Am.Jur. Actions, para. 114; 1 Fla. Juris. Actions, para. 42 and 43. Midway between these two extreme views some courts recognize the general principle that but one cause of action arises out of a single act or omission resulting in injuries to both person and property, nevertheless they permit recovery by insured for personal injury, under some circumstances at least, irrespective of the prior institution of a suit by an insurer who is subrogated, as in this case, to the rights of insured with respect to property damage. Or, on the other hand, they permit an action by the insurer on its subrogated claim for property damages to be maintained despite the prior institution of an action by the insured for personal injury. See the collocation of cases in 140 A.L.R. 1242, 166 A.L.R. 870.
Appellee contends that this Court has heretofore committed itself to the view that but one cause of action exists for which but one suit may be maintained. In the case of Gaynon v. Statum, 1942, 151 Fla. 793, 10 So.2d 432, 433, this Court said:
"The first question posed by appellant is:
"`Where a plaintiff obtains a judgment for a portion of the damages sustained by him by reason of an alleged wrongful act, may he thereafter maintain another action against the same wrongdoer for other damages sustained by such litigant by reason of the very same wrongful Act?'
"`Stated differently: May one plaintiff obtain more than one judgment against one alleged wrongdoer for damages sustained by reason of one wrongful act?'
"* * * We recognize the rule against the splitting of causes of action and that as a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all. As is stated in 1 Am.Jur. 481, `the rule is founded upon the plainest and most substantial justice  namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.'"
While it may be logically argued the above quotation from the opinion in the Gaynon case was obiter, it is interesting to observe that the case has been accepted as authority for appellee's contention. For example, this case is cited as authority for the statement in 1 Fla.Jur. 169, para. 43, viz.:
"Where injury to the person and physical property of the injured party arise out of a single tort, the tort to the person and property constitute a single cause of action, and should be presented as a single suit."
Moreover, while this case was decided in 1942, we find no departure from its holding  even if it be said to be obiter  since that time, nor does any case decided by this Court indicate any contrary view.
It is quite impossible to harmonize the numerous views of the various courts on this subject. We are impressed with the validity and logic of what is stated by most of the text writers to be the majority view. This view is succinctly stated in 1 Fla. Juris. Actions, para. 42 as follows:
"The law does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several actions, *501 without the consent of the defendant. All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all. The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause. This rule is founded on the plainest and most substantial justice  namely, that litigation should have an end, and that no person should be unnecessarily harassed with a multiplicity of suits. If the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary and consequently vexatious. The rule against splitting causes of action is closely related to the doctrine of res judicata in this respect.
"The remedy for a defendant against whom two actions are brought on the same cause of action is a defense in the nature of a plea in abatement to the second action."
See also the annotations in 64 A.L.R. 663; Freeman on Judgments, 5th Edition, para. 97, 598, 613.
We think adherence to the majority view will create greater stability in the law, avoid vexatious and multiple litigation and that its underlying principle is consonant with the necessity of bringing litigation to a close.
Finding no error in the action of the trial court, the judgment appealed from is hereby
Affirmed.
TERRELL, C.J., and ROBERTS and THORNAL, JJ., concur.
THOMAS, J., dissents.