MILLEDGE, STANLEY, Associate Judge.
In an action of negligence for damage to the plaintiff’s person, a judgment for the defendant on the pleadings was entered on the ground that all matters in controversy were adjudicated by a final judgment in a prior action.
In this prior action, the appellant joined his wife in an action of negligence in which the wife sought damages for injury to her person, and the husband, the appellant, sought damages for his loss through his wife, that is, for medical expenses and loss of consortium. About two weeks before the trial, the husband moved for leave to amend his complaint by including a claim for “the personal injuries suffered by the plaintiff, Herman Goldman”, and to grant a continuance. His only ground for the motion was that subsequent to filing the action the Supreme Court of Florida had decided Mims v. Reid, Fla.1957, 98 So.2d 498, and because of this holding, Mr. Goldman feared that he must join his claim for personal injuries or be barred from ever doing so.
The circuit judge before whom this prior action was pending denied the motion on the ground that the husband could bring a separate and later action for damages to 'his car and to his person. With this reason we do not agree, but there may well have been other reasons justifying a denial of the motion to amend and for a continuance. At any rate, this ruling was not challenged 'and its correctness is not involved in this appeal. The appellant acquiesced in the ruling and filed a distinct claim for his personal damage. The prior case proceeded to trial resulting in a verdict and judgment for the plaintiffs, husband and wife. In the present action, the defendant pleaded the prior adjudication. The circuit judge in this action agreed that the controversy was res judicata and from his judgment on the pleadings the plaintiff appealed.
The appellant relies on Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432. In that case, it was held that the husband had two causes of action, one for those damages growing out of the damage to the wife, medical expenses and loss of consortium, and another cause of action for the damage to his person and his property. He could bring them separately if he wished.
Since the decision of that case in 1942, the statute, § 46.09, Fla.Stat., F.S. A., which permits joinder of husband’s cause of action with that of his wife, has undergone significant amendment. In 1942 the statute merely said that the husband could join claims “in his own right” without defining the meaning of “in his own right”. This was held to exclude, in the Gaynon case, a claim for damage to the husband’s person. The legislature, evidently to remedy a statutory defect and desiring to encourage joinder of causes of action, enacted chapter 21886, General Laws of 1943, which amended § 46.09 by adding immediately after the words “claims in his own right” these words: “which said claims shall mean and include any and all *52 claims of whatever kind and nature, including claims for personal injury, property damage and the like.” There could be no doubt about the meaning of § 46.09 after 1943. The joinder by the husband with the wife is permissive, as before, but if he does join he may not claim the part of his damages which grows out of the damage to his wife and leave to another action the action personal to himself; he must include a claim for all damages, or forever hold his peace. This is exactly what the Supreme Court held in Mims v. Reid, Fla.1957, 98 So.2d 498, 500: “ * * * all damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all.” Goldman was not compelled to join his cause of action with that of his wife but when he did, all of his claims were adjudicated by the judgment in that action whether or not he claimed all the damages to which he thinks himself entitled.
The judgment appealed from should be, and hereby is affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.