## MENDELSON & SONS v. K. CHAACHOU, d/b/a ASTOR HOTEL.
### No. 1968.

Circuit Court, Dade County, Civil Appeal.
February 15, 1961.

George L. Jackman, Miami, for appellant.

FRANCIS J. CHRISTIE, Circuit Judge.

This is an appeal from a judgment rendered in the justice of the peace court for the fifth district. Judgment was for the plaintiff for $94.29.

Appellant's contention is that the sum sued for in the lower court is a portion of an open account which the defendant had with the plaintiff, and that prior to the filing of this suit the plaintiff treated the entire account as a single debt due, and that all the goods sold and delivered to several hotels were against the credit of the defendant personally.

Evidence was introduced in the lower court to show that prior to and on June 8, 1960, plaintiff notified the defendant that there was due and owing a sum certain. Subsequent to such notification, plaintiff instituted two suits and obtained judgments in the same court for portions of this total sum.

Appellant's contention is that the plaintiff is barred from recovery in this action because plaintiff attempted to split a single cause of action — and his recovery on part of the sum due bars any further recovery on any portion of the balance remaining.

It is the opinion of the court that appellant is correct in his contention. The rule forbidding the splitting of a cause of action by a plaintiff has been long accepted by the Florida courts. Glasser v. Hackett, 37 Fla. 358, 20 So. 532; Gaynon v. Statum, 151 Fla. 793, 10 So. 2d 432; Mims v. Reid (Fla. 1957), 98 So. 2d 498.

This rule is based on the sound doctrine that the law will not allow a multiplicity of suits brought merely for the purpose of harassing the defendant, 1 Fla. Jur. 168, Actions §42, or for the purpose of bringing the action into the jurisdiction of a court of limited jurisdiction, 1 C.J.S. 1314, Actions §102.

It is therefore the opinion of the court that plaintiff's action was barred under the rule forbidding the splitting of a single cause of action, and plaintiff's recovery in prior actions of a portion of the total amount bars recovery of one or more of the other claims that were due at the time the first action was brought. See 1 C.J.S. 1310, §102.

The trial court's order is reversed, and the cause is remanded with instructions to enter judgment for the defendant, at the cost of and with prejudice to the plaintiff. The supersedeas bond posted by defendant is discharged.