HORTON, Judge.
Appellant, defendant below, seeks review of a final judgment entered in favor of ap-pellee in an action to recover the balance due on a contract for furniture and fixtures delivered to appellant pursuant to ten purchase order agreements.
At the trial, testimony was presented and the court, sitting without a jury, found in favor of appellee as to nine of the ten purchase order agreements. The tenth purchase order covered 300 sets of lamps, each set consisting of two Donald Hansen lamps and one hanging fixture, in the total amount of $19,238.36. In the final judg *774 ment it was found that appellee had breached its agreement by substituting different lamps than those described in the purchase order. The judgment went on to provide:
“4. No evidence was presented by either party as to the quantum meruit value of the hanging lamp or as to the sales price of the individual lamps comprising the set of lamps; wherefore, it is
“ORDERED AND ADJUDGED that the Plaintiff, THE MAXWELL COMPANY, INC., a Florida corporation, do have and recover from the Defendant, CAROL MANAGEMENT CORPORATION, a New York corporation, the sum of $37,363.15 plus costs of this action amounting to $36.00, for which let execution issue forthwith; and it is
“FURTHER ORDERED AND ADJUDGED that this judgment be entered without prejudice to the Plaintiff to file any legal action that it may deem advisable regarding the purchase by the Defendant from the Plaintiff of 300 sets of lamps, consisting of 2 Donald Hansen lamps as selected by Tom Lee plus 1 hanging fixture as selected by Tom Lee, billed by the Plaintiff, THE MAXWELL COMPANY, INC., to CAROL MANAGEMENT CORPORATION, in the amount of $18,678.00 plus tax of $560.-36, or a total of $19,238.36.”
Appellant’s only contention is that it was error for the court to enter that portion of the judgment which gave appellee the right to institute new litigation concerning the sets of lamps specified in the tenth purchase order. Appellant argues that the complaint put in issue all of the purchase order agreements and constituted a single cause of action, thus barring appellee by the doctrine of res judicata and the prohibition against splitting of causes of action from relitigating the issue of the lamp sets in a subsequent suit.
We recognize the rule against the splitting of causes of action and that as a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not all.[1] However, this issue need not be determined to dispose of this appeal.
An examination of the purchase orders attached to the amended complaint reveals that the merchandise in question was ordered by appellant on divers dates between October 18, 1961, and April 5, 1962. Appel-lee chose to bring one action to recover the full amount allegedly due on all the purchase order agreements, a step contemplated by Rule 1.8(g) of the Florida Rules of Civil Procedure, 30 F.S.A.[2] Rule A of these rules provides in part:
“SCOPE AND TITLE OF RULES. * * * These rules shall be construed to secure the just, speedy and inexpensive determination of every action.”
We are of the view that the action of the trial court in entering judgment without prejudice to appellee to relitigate the issue of the lamp sets was incompatible *775 with the spirit, if not the letter, of the above cited portion of the rules. The trial court should have disposed of all the issues in the cause so as not to create or encourage piecemeal litigation. In the interests of justice and orderly procedure, the judgment is reversed in toto and the cause is remanded for a new trial.
Reversed and remanded for new trial.

. Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432. The court went on to say: “As is stated in 1 Am.Jur. 481, ‘the rule is founded upon the plainest and most substantial justice — namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.’ ” For a good general discussion, see 1 Fla.Jur. 167, Actions, § 42; see also Mims v. Reid, Fla., 1957, 98 So.2d 498, and Hay v. Salisbury, 92 Fla. 446. 109 So. 617.

. “Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if two or more causes of action are joined. * * * ”