BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 230 So.2d 205. That decision affirms Per Curiam, without opinion, the order of the Circuit Court dismissing petitioner’s complaint with prejudice. Conflict is asserted with Gaynon v. Statum[1] and Rosenthal v. Scott.[2]
The petitioner, plaintiff below, Stanley Builders, Inc., filed suit in the Circuit Court of Dade County, on November 1, 1968, to foreclose a mechanics’ lien on property owned by Julian H. Nacron and Sydonia Nacron, the respondents, defendants below, *607 as husband and wife. The complaint alleged that plaintiff contracted with defendants to construct a residence for them; that the petitioner completed its work on the contract; and that the respondents were occupying the premises, but had failed and refused to pay $19,416.36 remaining due and owing for the construction of the residence. A claim of lien filed by the petitioner for the amount remaining due was attached to the complaint. The complaint prayed for the foreclosure of the lien and for a deficiency decree.
The respondents filed an answer alleging that the petitioner and respondents had entered into a construction contract and admitting that the respondents were occupying the premises, but denying that petitioner had completed the contract, or that any amounts were due and payable to the petitioner “until the contract is completed.” The respondents also asserted various counterclaims and setoffs arising out of the same contract.
While the Circuit Court’s action was pending, a complaint was filed on December 31, 1968, in the Civil Court of Record of Dade County by Architectural Hardware and Lighting, Inc., against Stanley Builders, Inc. and Julian Nacron. The complaint alleged that Stanley Builders and Julian Nacron owed to Architectural Hardware the sum of $930.36 pursuant to described items of hardware sold and delivered to the named defendants between May 9, 1968 and June 20, 1968.
The petitioner, Stanley Builders, filed an answer in the Civil Court of Record action, and a cross-claim against Julian Nacron, wherein it was admitted that upon completion of all the terms and conditions of its contract, Architectural Hardware would be entitled to recover the amount claimed. The cross-claim against the respondent Nacron asserted that Nacron and his wife had entered into a contract with Stanley Builders for the construction of a home. The contract, a copy of which was attached to the cross-claim, is the same contract upon which Stanley Builders had instituted suit in the Circuit Court lien foreclosure action. It was alleged that the sum claimed by Architectural Hardware was due and owing pursuant to the construction contract, that Stanley Builders had completed performance, but that Julian Nacron had. refused to pay the amount due under the construction contract. The cross-claim concluded by praying that if a judgment should be rendered against Stanley Builders, a judgment over in favor of Stanley Builders should be entered against the cross-defendant Julian Nacron.
The respondent Julian Nacron filed a motion to dismiss or to stay proceedings on the cross-claim because of the pendency of the Circuit Court action. This motion was never acted on and Nacron subsequently filed an answer to the cross-claim, denying its material allegations.
The Civil Court of Record entered final judgment in favor of Architectural Hardware against Stanley Builders for the amount claimed. The Court also entered summary judgment for Stanley Builders against Julian Nacron and Sydonia Nacron, his wife, for the full amount of $930.36 claimed by Architectural Hardware. The judgment on the cross-claim was subsequently satisfied by the Nacrons and the judgment of Architectural Hardware was satisfied by Stanley Builders.
After entry of judgment in the Civil Court of Record suit, the respondents Nacrons were permitted to file in the Circuit Court action, over the objections of Stanley Builders, an amendment and supplement to their answer which asserted as a fifth affirmative defense that the petitioner, Stanley Builders,.by proceeding to judgment against the Nacrons on its cross-claim, had split its cause of action, and that the satisfaction in the Civil Court of Record action constituted a complete bar to relief in the Circuit Court. In support of their fifth affirmative defense, the Nacrons filed certified copies of the proceedings in the Civil Court of Record action.
*608 Thereafter, the Circuit Court dismissed the complaint holding that the assertion of the cross-claim by the petitioner Stanley Builders in the Civil Court of Record, based upon a portion of the amounts due under the construction contract, constituted a splitting of Stanley Builders’ cause of action and that recovery on the cross-claim constitued a complete bar to the Circuit Court action.
In Gaynon v. Statum, supra, this Court recognized the following limitations on the rule prohibiting splitting of causes of action :[3]
“It, therefore, appears that if the so-called splitting of the cause of action does not result in a multiplicity of suits then the reason for the rule does not exist in that case and the rule would not apply. Such is the condition we find here.”
In Rosenthal v. Scott, supra, we stated:[4]
“The underlying reason for the rule against splitting a cause of action is salutary. The rule has as its purpose, as every student of the law knows, ‘that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.’ However, a rule such as the one under consideration should not be declared rigid, inflexible and inexorable when such declaration would in many many instances, for the sake only of convenience to a putative wrongdoer, defeat the ends of justice.”
In the instant case the assertions of a cross-claim by Stanley Builders, petitioner herein, in an action already pending, did not result in a multiplicity of suits and petitioner should not be penalized for availing itself of the benefit of the rule permitting cross-claims.[5] Further, the result reached by the application of the rule below is manifestly unjust. Under the holding of the Courts below, petitioner’s entire claim for some $19,000.00 remaining due for the construction of respondent’s home, would have been extinguished merely because of the assertion of a $900.00 cross-claim in an action which was already pending against the respondent Nacron.
Accordingly, petition for writ of certi-orari is granted, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C. J., and DREW and CARLTON, JJ., concur.
THORNAL, J., dissents.

. 151 Fla. 793, 10 So.2d 432 (1942).

. 150 So.2d 433 (Fla.1961).

.Gaynon v. Statum, 151 Fla. 793, 796, 10 So.2d 432, 433 (1942).

.Rosenthal v. Scott, 150 So.2d 433, 439 (Fla.1961).

.Fla.R.C.P., Rule 1.170(g), 30 F.S.A.