279 So.2d 377 (1973)
Charles J. BECK, Jr., et al., Appellants,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a Pennsylvania Corporation, Appellee.
No. 72-681.
District Court of Appeal of Florida, Third District.
June 19, 1973.
*378 Walton & Garrick, Miami, for appellants.
Frates, Floyd, Pearson, Stewart & Proenza, and Wm. Bruce Harper, Jr., Miami, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and JOHNSON, DEWEY, M., Associate Judge.
CARROLL, Judge.
On January 19, 1971, the appellants Charles J. Beck, Jr., Edna M. Owen, and William G. Owen, filed an action in the circuit court of Dade County against Pennsylvania National Mutual Casualty Insurance Company, herein referred to as the insurer. The complaint charged the defendant insurer with breach of contract by failing and refusing to defend an action brought against Beck. The damages sought were for attorney's fees for defense of an action filed against the plaintiffs by or on behalf of Cassandra Kasprzyk. The trial court granted summary judgment in favor of the defendant insurer, and the plaintiffs appealed.
On October 18, 1964, Beck, while driving an automobile owned by the plaintiff William Owen, lost control thereof causing a one-car accident resulting in injuries to persons who were passengers in the automobile. One who was seriously injured was Mary M. Brantley. Another injured person was Cassandra Kasprzyk.
On December 23, 1964, the insurer disclaimed liability and gave notice it would not defend any claims arising from said accident. The first action against Beck was one on behalf of Kasprzyk, which was filed January 4, 1965. A second action was filed against Beck on February 26, 1965, on behalf of Brantley. The Brantley action proceeded to judgment on January 27, 1966.
A year thereafter, on April 27, 1967, and prior to trial and entry of judgment in the Kasprzyk case, Beck filed an action in the local federal district court against the insurer, charging breach of contract by the insurer and seeking recovery of his attorney fee expense in defending the Brantley personal injury action. The trial court denied recovery thereof, and Beck appealed. The federal appellate court reversed. In that litigation it was established that Beck was covered as insured under the policy, and Beck obtained judgment against the insurer for his attorney fee expense incurred in defense of the Brantley action. See Beck v. Pennsylvania National Mutual Cas. Ins. Co., 5 Cir.1970, 429 F.2d 813. That opinion contains a detailed statement of the facts, except as to the Kasprzyk action and the outcome thereof and the subsequent proceedings.
Thereafter the Kasprzyk personal injury claim (which as noted above had been filed prior to the Brantley action) was brought to trial and resulted in a judgment entered on November 13, 1968. Approximately two years later, in January of 1971, this action was filed by Beck (and the Owens) against the insurer seeking recovery of attorney fee expense for the defense of the Kasprzyk action.
The defendant insurer answered, contending the prior action by Beck for recovery of expenses for the defense of the Brantley case barred this action against the insurer. Motions for summary judgment were filed by the plaintiffs and by *379 the defendant. The plaintiffs' motion was denied and defendant's motion was granted. Although not discussed therein, inherent in the summary judgment entered in favor of the defendant insurer was a determination by the trial court that Beck was not entitled to recover his attorney fee expense in the Kasprzyk case bycause the earlier action filed by Beck to recoup his expenses in the Brantley case had resulted in the splitting of the causes of action. This is so because it had been established in the earlier action in the federal courts by Beck for recovery of expenses in the Brantley case that Beck was covered by the policy and therefore that the refusal of the insurer to defend the actions against him was a breach of the insurance contract for which, unless precluded because of splitting the causes of action, Beck would have been entitled to recover against the insurer for his expenses in defense of the Kasprzyk action, as he had done for the Brantley case.
The appellant Beck contends that at the time he filed action for recovery in the Brantley case he had no cause of action for recovery of expenses for defending the Kasprzyk damage suit, and that no cause of action therefor arose until the judgment was entered in the Kasprzyk suit. See Continental Casualty Co. v. Florida Power & Light Co., Fla.App. 1969, 222 So.2d 58. The appellee contends that the breach of contract by the insurer occurred when it disclaimed liability and failed or refused to defend the Kasprzyk and Brantley cases when they were brought against Beck, and that it was incumbent on Beck to have awaited the conclusion of the two cases, which would have established the expenses in both cases, and to have filed one action for such expenses when so determined, in order to avoid splitting the cause of action.
We hold that in proceeding on the latter theory the court was correct, based on the reasoning expressed in Terteling v. United States, 334 F.2d 250, 254-255, 167 Ct.Cl. 331 (1964). See also Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432; Mims v. Reid, Fla. 1957, 98 So.2d 498; Carol Management Corporation v. Maxwell Company, Fla.App. 1963, 156 So.2d 773; 1 Fla.Jur., Actions § 42.
The summary judgment against the plaintiffs William G. Owen and Edna M. Owen must be affirmed for a different reason, which is that there was no showing that the insurance policy in question afforded any coverage to the Owens.
The judgment is affirmed.