RAWLS, Chief Judge.
Appellants-plaintiff. Commodores Point Terminal Corporation instituted this suit for the use and benefit of its fire insurers, Aetna Casualty and Surety Co., Aetna Insurance Co., Federal Insurance Co., and St. Paul Fire and Marine Insurance Company, hereinafter called the insurers, against ap-pellee Florida Towing' Corporation. Appellants appeal a final judgment entered upon a jury verdict in favor of appellee.
In the case at bar, the insurers, claiming subrogation from Commodores Point, seek to recover payments made to Commodores Point due to the destruction of a warehouse caused by the negligence of Florida Towing. The principal point on appeal as framed by appellant is:
“May subrogated fire insurers sue a third party tortfeasor to recover amounts paid under a policy of fire insurance after its insured has previously maintained a suit for the insured’s separate damages: And if so, when the gravamen of the insurers suit is identical to previous causes of action and the defendant has had a full opportunity to litigate all the issues raised therein is the defendant bound by the result in the former suits.”
Commodores Point Terminal Corporation was owner and Florida Towing was a tenant of a warehouse which was destroyed by fire in 1969. Owens-Illinois Inter America Corporation, owner of goods stored in the warehouse sued Commodores Point, Florida Towing, .and another terfant, Buccaneer Lines, bailee, to recover the value of its goods which were destroyed by fire.[1] In that suit, at a pre-trial conference, Owens-Illinois voluntarily dismissed Commodores Point as a party-defendant. Thereafter, Commodores Point filed a motion to tax costs and for an award of attorney’s fees, which motion was denied by the Circuit Court without prejudice to Commodores Point to proceed in a separate action for indemnification. Subsequent to the trial court’s conclusion of the Owens-Illinois action, Commodores Point filed a suit against Buccaneer Line and Florida Towing in the Small Claims Court of Duval County seeking the cost and fees which it had incurred in the defense of the original suit brought by Owens-Illinois. Commodores Point alleged in the Small Claims Court, inter alia:
“2. On or about February 15, 1969, a fire ensured on the premises of these defendants [Buccaneer and Florida Towing] and subsequent thereto a suit was instituted in the Circuit Court in and for Duval County, Florida, bearing docket number 70-3088 wherein the defendants and the plaintiff were made party-defendants therein by reason of said fire.
“3. In connection therewith and pursuant to the provisions of the lease attached hereto the plaintiff demanded that the defendants herein take over the defense of its case in said cause of action lately pending in the Circuit Court, all of which was refused.
“4. The plaintiff herein had to expend cost and fees for its protection in said suit and it is entitled to indemnity therefor.”
Final judgment was rendered in the Small Claims Court in favor of Commodores Point Terminal Corporation and against Buccaneer and Florida Towing, which judgment was duly satisfied.
*511 The general rule as to splitting causes of action as stated in 1 Fla.Jur. Actions § 42 (1960) at 167, 168, is:
“The law does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several actions, without the consent of the defendant. All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all. The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause. This rule is founded on the plainest and most substantial justice — namely, that litigation should have an end, and that no person should be unnecessarily harrassed with a multiplicity of suits. If the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary and consequently vexatious. The rule against splitting causes of action is closely related to the doctrine of res judicata in this respect.”
The rule against splitting a cause of action has long been recognized in Florida.[2] The reason for the rule in this area of multitudinous litigation is even more apropos.
By cross assignment of error, appellee correctly contends that the trial court erred in refusing to enter final summary judgment in favor of the defendant and against the plaintiff on the grounds of improper splitting of causes of action. As related above, Commodores Point was specifically granted the right by the Circuit Court to pursue its claims for indemnification against Florida Towing; Commodores Point successfully sought and recovered indemnity; its rights were resolved. Mims v. Reid [3] is controlling. There, Mims sued Reid for personal injuries and damages to his automobile. At the pre-trial conference, Mims, with the consent of Reid dismissed ' his claim for property damages; whereupon, the case was settled and a judgment rendered and satisfied. Prior to the entry of the judgment, Mims, for the use and benefit of Emmco Insurance Company sued Reid for damages to Mims’s motor vehicle. The Supreme Court, in holding that the insurer’s suit fell within the prohibition of splitting a cause of action, adopted the foregoing rule stated in 1 Fla. Jur., supra.
Appellants insist that the decision of the Third District Court of Appeal in Scott v. Rosenthal,[4] which was ultimately affirmed by the Supreme Court of Florida controls the instant appeal. On certiorari,[5] the Supreme Court in Rosenthal v. Scott initially quashed the Third District Court’s decision ; however, upon reconsideration on petition for rehearing that Court found such exceptional circumstances as to the factual posture of the case that it was motivated to recede from its prior opinion and stated:
“To hold that under such circumstances the innocent party had split his cause of action and waived his right to sue for personal injuries is unthinkable. If a so-called subrogated insurer must wait for perhaps several years to recover the money which •' ifrs has advanced for the property damage or by filing its claim can force the injured person to bring a personal injury action prematurely, before the total extent of his injuries are known, then, and in that event, there is something wrong with the law. We can not be persuaded that we should create a truism out of the hackneyed saw: ‘It’s all law and no justice.’ ” [Emphasis supplied.]
*512 We are not here confronted with “such circumstances”.
The parties argue the doctrines of “res adjudicata”, “collateral estoppel”, and “es-toppel by judgment”. In view of our conclusion that appellants split their cause of action, it is unnecessary to delve into those subjects.
Accordingly, the judgment appealed is affirmed.
JOHNSON and CARROLL, DONALD K., JJ., concur.

. Buccaneer Line, Inc. v. Owens-Illinois Inter America Corp., 258 So.2d 826 (1 Fla.App.1972).

. Glasser v. Hackett, 37 Fla. 358, 20 So. 532 (1896); Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942).

. Mims v. Reid, 98 So.2d 498 (Fla.1957).

. Scott v. Rosenthal, 118 So.2d 555 (3 Fla.App.1960).

. Rosenthal v. Scott, 150 So.2d 433, 438 (Fla.1961).