CARROLL, Judge.
A policy issued by the appellee insured Maternity Modes, a partnership of which James and Erna Kassner and others were members, and also insured James and Erna Kassner as owners of the building and warehouse in which the partnership conducted a business. Following destruction by fire the Kassners (owners) filed an action against the insurer for recovery for loss of the building. Thereafter action was brought by the Kassners as members of and for the partnership, for business interruption loss sustained by the partnership. The court granted a motion of the insurer, and dismissed the second action, on the ground of splitting of causes of action. This appeal ensued.
The appellants contend, and we agree, that dismissal thereof on such ground was error. In the first action the Kassners enforced the cause of action held by them individually as the insured property owners. The second action was not brought by them in their individual capacity, but was by and for the separate partnership entity. See Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432; Carol Management Corporation v. Maxwell Company, Fla.App.1963, 156 So.2d 773. In those cases the Supreme Court and this court, speaking with reference to splitting of causes of action, stated that as a general rule the law mandatorily requires that all damages sustained or acruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all.
*687 The fact that separate independent causes of action under an insurance contract may have arisen and accrued to two different parties or entities from a single wrong or under one contract, does not preclude, but on the contrary requires their bringing separate actions thereon. Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510.
For the reasons stated, the judgment appealed from is reversed, and the cause is remanded for further proceedings.