491 So.2d 344 (1986)
THERMOFIN, INC., and Thermofin Machine, Division of Schaefer Industries, Inc., a Maryland Corporation, Appellants,
v.
Richard WOODRUFF and AMI Systems Development, Inc., D/B/a Auto Machine Industries, Inc., et al., Appellees.
No. 85-2304.
District Court of Appeal of Florida, Fourth District.
July 23, 1986.
Robert C. Rogers, Jr., of Lawrence J. Bohannon, P.A., Fort Lauderdale, for appellants.
John C. Rayson, of Sherman & Rayson, Fort Lauderdale, for appellees.
*345 STONE, Judge.
We affirm the order of the trial court dismissing the complaint with prejudice. Appellant has previously filed another action in the same court, involving the same parties, and arising out of the identical facts and circumstances, but involving a different remedy.
We recognize that the concepts of collateral estoppel and res judicata, raised in appellants' brief, require that there be a "termination" of the other action. Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Lorf v. Indiana Insurance Co., 426 So.2d 1225 (Fla. 4th DCA 1983); Thoman v. Ashley, 170 So.2d 332 (Fla. 2d DCA 1964). However, appellant, by filing this second case, has attempted to split its cause of action between the two lawsuits. The rule against splitting causes of action requires that all relief arising out of a single transaction or event be sought, and recovered, in one action. Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942); Georgia-Pacific Corp. v. Squires Development Corp., 387 So.2d 986 (Fla. 4th DCA 1980). Therefore, any relief to be obtained by appellant must be sought in the original proceeding.
GLICKSTEIN and GUNTHER, JJ., concur.