753 So.2d 114 (1999)
Alan FROMAN, Appellant,
v.
Robert KIRLAND, Appellee.
No. 98-0027.
District Court of Appeal of Florida, Fourth District.
September 22, 1999.
Opinion Denying Rehearing December 8, 1999.
*115 Guy B. Bailey, Jr., Jesse C. Jones, Tracy L. Kramer of Bailey Harper Cronig Baker Arencibia & Agudo, Miami, for appellant.
Albert G. Caruana and Dirk Lorenzen of Caruana, Langan, Lorenzen & Mendelsohn, P.A., Miami, for appellee.
WARNER, C.J.
The trial court entered summary judgment in favor of appellee Robert Kirland on the ground that appellant Alan Froman impermissibly split his causes of action. We hold that he did not and reverse.
This case arose from an unwritten agreement between Froman and Kirland to become partners in an automobile dealership. The remainder of the facts surrounding the agreement are not germane to the instant appeal. Froman filed suit in 1994 ("Kirland I") for breach of contract, specific performance, unjust enrichment, constructive trust, civil theft, shareholder's equitable relief, interference with an advantageous relationship, and tortious interference with a contract. Kirland filed a motion to dismiss which was granted with leave to amend. A second amended complaint was likewise dismissed, but a third amended complaint finally survived dismissal. In April 1997, represented by a new attorney, and after conducting some discovery, Froman moved to amend his complaint to allege a count for fraud for the first time. The motion was denied by the court because it was filed "too late."
Because the court denied the motion to amend, on July 18, 1997, Froman filed a second suit ("Kirland II") arising out of the same business deal as Kirland I. In it he included the previously excluded claim for fraud. Froman then sought to transfer Kirland II from Judge Frusciante, to whom it had been assigned, to Judge Stafford, who was the judge on Kirland I, pursuant to the administrative rule which requires that a second filed case be assigned to the judge of the original file, to avoid judge shopping. At the hearing before Judge Frusciante, Kirland argued that Froman was impermissibly splitting causes of action, pointing out that Kirland I was still pending when Kirland II was filed. Froman admitted that and remarked that he had made a notation of Kirland I on the complaint's cover sheet to alert the clerk to the prior case. Judge Frusciante commented that Froman had chosen an inappropriate remedy, stating that he should have dismissed Kirland I before filing Kirland II. In addition, he ruled that the case would be transferred to Judge Stafford, provided Judge Stafford agreed to accept the case. No action was taken on Kirland II.
Three days after the hearing, Froman voluntarily dismissed Kirland I without prejudice pursuant to Florida Rule of Civil Procedure 1.420(a)(1). At some point later that same day a hearing was held in front of Judge Stafford to determine whether he would accept the transfer of Kirland II to his docket. Judge Stafford accepted the voluntary dismissal of Kirland I but refused to accept the transfer of Kirland II. This left Kirland II pending before Judge Frusciante.
Thereafter, Kirland moved for final summary judgment in Kirland II on the grounds that Froman had impermissibly split his cause of action, filing an affidavit explaining his version of the state of the pleadings and requesting judicial notice of the files of Kirland I. In granting summary judgment in favor of Kirland in Kirland II, the court found that from July 18, 1997, when Kirland II was filed, until August 22, 1997, when Kirland I was dismissed, Froman actively litigated both cases. On this basis it granted the motion for summary judgment.
*116 The supreme court explained the rule against splitting causes of action in Gaynon v. Statum, 151 Fla. 793, 796, 10 So.2d 432, 433 (Fla.1942), superseded by statute on other grounds as stated in Goldman v. Kent Cleaners & Laundry, Inc., 110 So.2d 50 (Fla. 3d DCA 1959), as follows:
[w]e recognize the rule against the splitting of causes of action and that as a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all. As is stated in 1 Am.Jur. 481, "the rule is founded upon the plainest and most substantial justice-namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits."
In Gaynon, a husband and wife brought suit in circuit court for injuries each had suffered in an accident. The "declaration was demurred to," and the complaint was amended eliminating the wife as a party. The husband and wife both filed a second action in the civil court of record for the wife's injuries. The second case came to trial and judgment first, after which the defendant moved to dismiss the first suit on the grounds that the husband had split the cause of action. On appeal, the court determined that because the husband could not bring his claims in the wife's suit, the husband had no choice but to bring two suits. See id., 10 So.2d at 433. However, the claim of splitting the cause was not made until after judgment had been obtained.
The doctrine of splitting causes of action is an aspect of the doctrine of res judicata. See Alvarez v. Nestor Salesco, Inc., 695 So.2d 941 (Fla. 4th DCA 1997). One of the requirements for res judicata to apply is that the claim must have been adjudicated on the merits. See ICC Chem. Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994). A voluntary dismissal without prejudice will not support a claim of res judicata. See Chassan Profl. Wallcovering, Inc. v. Victor Frankel, Inc., 608 So.2d 91, 93 (Fla. 4th DCA 1992).
Kirland concedes that under rule 1.420(a) it would have been permissible for Froman to have dismissed Kirland I first and then file Kirland II. He argues, however, that to file the second action before the first is dismissed constitutes "splitting causes of action." Thus, under Kirland's theory, the moment the second case is filed when the first is still pending, the second suit is required to be dismissed. We do not believe that the doctrine, the rules, or substantial justice require such a result.
It is plain from the record that Froman was not intending to litigate two suits simultaneously in an attempt to produce a multiplicity of suits. He was simply trying to incorporate all of his claims into one suit. Admittedly, he was attempting to avoid the effect of the order denying his leave to amend to assert the fraud count in Kirland I, but very shortly after filing Kirland II he dismissed Kirland I, in accordance with Judge Frusciante's advice.
We do not condone filing a second suit to avoid the effect of a denial of a motion to amend while the first suit is still pending, and had Froman failed to dismiss Kirland I, Kirland II should have been dismissed. On the other hand, rule 1.420(a) permits Froman to voluntarily dismiss his lawsuit once without penalty, except for the payment of costs to the defendant from the first suit. See Fla. R. Civ. P. 1.420(d). By the time Judge Frusciante considered the motion to dismiss for splitting the cause of action, Kirland I had been dismissed. Therefore, there was no multiplicity of suits. The motion should have been denied.
Reversed and remanded for further proceedings.
KLEIN and TAYLOR, JJ., concur.

ON MOTION FOR REHEARING
WARNER, C.J.
The appellee has filed an extensive motion for rehearing claiming that our opinion *117 significantly departs from prior law regarding splitting causes of action. We disagree. First, we stress again that the issue before the court is whether the mere filing of a second action while the first one is pending is a violation of the rule such that the second action must be dismissed, even where the first action is voluntarily dismissed prior to a ruling on a motion to dismiss the second action. In our opinion, we explained why the answer to that question is no.
Second, the appellee contends that our decision conflicts with Thermofin, Inc. v. Woodruff 491 So.2d 344 (Fla. 4th DCA 1986). We conclude that it does not, because it appears to us that in Thermofin the first action was still pending at the time the second action was involuntarily dismissed. The court noted that "any relief to be obtained by appellant must be sought in the original proceeding." Id. at 345. In the instant case, by the time the court ruled on the motion to dismiss in the second action, the first action had already been dismissed. Therefore, there is no conflict with Thermofin.
The motion for rehearing is denied.
KLEIN and TAYLOR, JJ., concur.