[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14798
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-01416-SCB-TBM


JEREMY BOWMAN,

Plaintiff - Appellant,

versus

RONALD CODDINGTON,
Individual,
FLORIDA PIPELINING SOLUTIONS, LLC,
a Florida limited liability company,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 18, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jeremy Bowman appeals the dismissal of his suit for declaratory relief against Ronald Coddington and Florida Pipelining Solutions, LLC, ("FPS"). The basis for the dismissal was the district court's conclusion that Bowman improperly split his causes of action by seeking declaratory relief in federal court while maintaining suit in Florida state court against the same defendants based on the same underlying facts and issues. Bowman contends that the Florida rule against splitting causes of action should not preclude his federal suit because he seeks a different form of relief and his suit in federal court is really against a different party. Because we find that the rule against splitting causes of action precludes Bowman's suit, we affirm the district court's dismissal.

Bowman, a citizen of Pennsylvania, and Coddington, a citizen of Florida, were business partners, each with fifty percent ownership of a company called US Sewer & Drain Florida, LLC ("USSD"). Following a dispute between the two owners, Bowman sued Coddington in Florida state court on various state law grounds relating to Coddington's alleged inappropriate management of the business and misuse of funds. A month after Bowman filed suit in state court, Coddington incorporated a new company, FPS, which he now operates out of the same location from which he operated USSD, and uses the same employees, equipment, telephone numbers, and website that he used when operating USSD.

2

Bowman then filed this suit seeking a declaration that FPS is a mere continuation or alter ego of USSD, and that Bowman is a fifty percent owner of FPS. The district court granted Coddington and FPS's motion to dismiss on the grounds that the suit was precluded by the Florida rule that "[a]ll damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all." Mims v. Reid, 98 So. 2d 498, 501 (Fla. 1957) (internal quotation marks omitted).

Whether a case was properly dismissed is a question of law which we review de novo. Nolen v. Jackson, 102 F.3d 1187, 1190 (11th Cir. 1997). "The rule against splitting causes of actions is designed to prevent a multiplicity of suits." Brody Constr., Inc. v. Fabri-Built Structures, Inc., 322 So. 2d 61, 63 (Fla. 4th DCA 1972). "The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause," and "if the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary . . . ." Mims, 98 So. 2d at 501.

Here, the two suits plainly arise out of the same "wrongful acts." In the State Court action Bowman alleged he was a 50% owner of USSD. Bowman sought to dissolve USSD and sought damages from USSD and Coddington for

3

actions involving the management of USSD.  In the federal suit, Bowman seeks to impose successor corporate liability on FPS by claiming FPS was a continuation of or alter ego of USSD.  Bowman specifically asserted that FPS was USSD.  Despite Bowman's claim to the contrary,  Coddington's additional action in incorporating a new company, taken since the filing of the state suit, does not render this a new dispute for the purposes of the rule against splitting causes of action.   Similarly, although FSP and USSD are different party defendants in name, it is Bowman himself who urges that, in fact, FSP and USSD are the same entity.   At most, Bowman seeks a different remedy in each court, however, he has not explained why he cannot obtain the declaratory relief he seeks in federal court in the previously filed state court action.  Furthermore, should Bowman ultimately prove successful in his state court suit against USSD, nothing would preclude him from then asserting his claim that FSP is the alter ego of USSD in post judgment proceedings.  See Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc., 832 So. 2d 810 (Fla. 2d DCA 2002) ("Under the mere continuation theory, liability is imposed when the successor corporation is merely a continuation or reincarnation of the predecessor under a different name.").

For the forgoing reasons, the district court's dismissal of Bowman's suit is **AFFIRMED**.

4